## Fromme v. Jones.

1. RECORD OF MORTGAGE. When a mortgage was executed in the name of a firm by the *sole* member thereof, and was recorded *as* a mortgage executed by such member individually, it was held sufficient to impart notice.

2. SAME: CHATTEL MORTGAGE. The recording of a chattel mortgage is not essential when the possession of the mortgaged property passes to the mortgagee at the time of the execution of the mortgage.

3. MORTGAGE BY A PARTNER. One partner may sell or dispose of co-partnership property for the payment or security of a co-partnership debt.

4. ERROR WITHOUT PREJUDICE. The judgment of a court will not be reversed for an error which did not prejudice the appellant.

5. MORTGAGE NOT FRAUDULENT. A mortgage of all the property of the mortgagor to secure the payment of one debt, if made in good faith, is not fraudulent, even when the mortgagor is insolvent; neither is it void as an assignment for the benefit of a preferred creditor.

6. POSSESSION OF MORTGAGED PROPERTY. A reservation by a mortgagor of personal property of the possession of the mortgaged property, with the right to dispose of the same by sale, is not *per se* fraudulent, following : *Kuhn* v. *Graves*, 9 Iowa, 303; *Campbell* v. *Leonard*, 11 Iowa, 489; *Wilhelmi* v. *Leonard*, *ante*.

7. REFORMING VERDICT. A verdict defective in form may be reformed by the court when the intention of the jury can be ascertained from data given in the verdict, or referred to in the pleadings; but the court cannot supply an omission to name the amount of the finding by reference to evidence outside the record.

*Appeal from Marion District Court.*

MONDAY, JUNE 23.

THE plaintiff sued the defendant in trespass, for seizing and conveying away certain personal property of which he claims to be the owner, and to be entitled to the possession thereof.

The defendant justifies the taking, by alleging that he levied upon the same as the property of Samuel Altheimer & Co., under certain writs of attachment issued by the creditor of said firm. The plaintiff claims title, and the right to the possession of said property, by virtue of a chattel mortgage executed by said firm prior to the seizure by the said defendant under the said writs.

Exceptions were taken by the defendant to the ruling of the court in reference to the admissibility of certain evidence at the trial, and in giving and refusing certain instructions, and to the judgment of the court upon the verdict. Judgment for plaintiff. Defendant appeals.

*J. E. Neal* and *C. C. Cole* for the appellant.

I. If the instrument in question is, as is claimed, a chattel mortgage, it is void, because: 1. It is not properly executed, if the deed of Samuel Altheimer. 2. It is not properly executed and acknowledged if the deed of Samuel Altheimer & Co. 3. It was not filed, or, if filed, the filing was not done in a manner which made it notice to third persons.

II. While the instrument may be a chattel mortgage or bill of sale when examined by itself, and tested by its own language, yet when taken in connection with other facts and connecting circumstances, such as the insolvency of the grantor, the conveyance by the bill of sale or mortgage of substantially all his property, that he was largely indebted to others, &c., it might be found to be in effect a general assignment. *Cowles* v. *Ricketts*, 1 Iowa, 582; *Bebb* v. *Preston*, Id., 460; *Burrows et al.* v. *Lehndorff*, 8 Id., 96.

III. The verdict was insufficient to sustain the judgment; the defect in the verdict could not be reformed by the court.

*C. C. Nourse, S. A. Rice,* and *Matthews & Atherton* for the appellee.

The certificate of the recorder of deeds upon the back of the instrument is *prima facie* evidence of its having been properly indexed and recorded. *Anthony* v. *Butler*, 13 Pet., 435; *Tracy* v. *Jenkins*, 15 Pick., 465; *Ames* v. *Phelps*, 18 Pick., 314; *Morey* v. *McGuire*, 4 Verm., 327; *Parsons* v. *Boyd*, 20 Ala., 112; *Hastings* v. *Turnpike Company*, 9 Pick., 20. Actual notice or possession of mortgaged personal property renders evidence of the recording of the instrument unnecessary. *McGavran* v. *Haupt*, 9 Iowa, 84; *Crawford* v. *Burton*, 6 Id., 478. One partner may sell or

mortgage the entire stock in trade without the consent of his copartners, and such sale or mortgage is good against creditors. *Topley* v. *Butterfield*, 1 Met., 515; *Hodges* v. *Harris*, 6 Pick., 360; *Quiner* v. *Marblehead Social Insurance Company*, 10 Mass., 476; *Lamb et al.* v. *Durant*, 12 Id., 54. A power of sale vested in the mortgagee by the terms of a chattel mortgage does not make the instrument an assignment, or render it invalid as against other creditors. *Bartels* v. *Harris*, 4 Greenl., 146; *Parks* v. *Hall*, 2 Pick., 206; *Clark* v. *Whitaker*, 18 Com., 543; *Gordon* v. *Massachusetts Fire and Marine Insurance Company*, 2 Pick., 249; *Peters et al.* v. *Ballistier et al.*, 3 Id., 495; *Abbott* v. *Goodwin*, 7 Shep. (Maine), 480; *Melvely* v. *Chandler*, 3 Fairfield (Maine), 282; *M. & M. Bank* v. *Bank of Penn.*, 7 W. & S., 335; *Baker* v. *Hall*, 13 N. H., 298; *Chowing* v. *Cox*, 1 Randolph, 306. A provision in a chattel mortgage, that after the payment of the mortgaged debt the property unsold shall revert to the mortgagor, does not render it invalid as to other creditors. *Leitch* v. *Hollister*, 4 Cow., 216; *Marsh* v. *Lawrence*, 4 Cow., 461; *Bissell* v. *Hopkins*, 3 Id., 166; *Torbert* v. *Hayden*, 11 Iowa, 445. The fourth instruction as to the character of the instrument under which plaintiff claims, is fully sustained in the cases of *Kuhn* v. *Graves*, 9 Iowa, 303; *Torbert* v. *Hayden*, *supra*; *Campbell* v. *Leonard*, 11 Iowa, 490.

BALDWIN, C. J.—The counsel of appellant assign twenty-four causes of error, and claim a reversal of the judgment upon each error assigned. In order to determine many of the questions presented, it would be necessary to have before us the evidence upon which many of the alleged erroneous rulings were made. This the appellant fails to bring up.

There are, however, several questions raised by the bills of exceptions, that are fairly presented, and which it is important to consider in the final determination of the cause.

The chattel mortgage, upon which plaintiff relies as establishing his title to the property in controversy, and which was introduced in evidence upon the trial, purports to have been executed by Samuel Altheimer & Co. The record shows that it was signed by Samuel Altheimer alone. The recorder, in recording the same, omitted the words "& Co." It is claimed by appellant that the chattel mortgage to plaintiff as thus recorded was no notice to subsequent purchasers or attaching creditors, of any rights of plaintiff acquired thereby.

To this position it is well answered, that in the amended petition of plaintiff it is alleged that the firm of Samuel Altheimer & Co. was composed of but one person alone, Samuel Altheimer, that the "& Co." was a fiction, attached for the mere purpose of show or effect. This averment is denied by the defendant. If the proof, however, established this fact, (and we do not know but that it did,) then the mortgage as recorded was sufficient notice of the sale to plaintiff. Again, the object of the record of a chattel mortgage is to give notice to creditors or purchasers of such sale, and that the right to the possession has passed out of the debtor. The plaintiff avers in his petition that he took possession of the property mortgaged as soon as the mortgage was executed, and that the defendant had actual notice of the sale to plaintiff, and his right to the possession, when the levy by defendant was made. If this was proved on the trial, it is immaterial whether the mortgage was recorded or not. Conceding, however, that the instrument was signed by but one member of the firm, we are not prepared to say that such sale does not convey to plaintiff the title and possession of the property so sold. The debt secured was a debt made and contracted in the

firm's name, and the securing or paying of such debt by sale, absolute or otherwise, was a part of the legitimate business of said firm. The question as to the rights of the other partner can be raised only by some person who claims through him. There can be no doubt as to the rule, that, as between creditors, one partner may sell or dispose of partnership property to secure partnership debt. See 12 Mass., 476, and cases cited by counsel. We assume, then, that the court did not err in the admission of this evidence, notwithstanding the fact that it was improperly recorded, for the reasons as above stated, without determining whether the mortgage, or the subsequent creditor or purchaser, must suffer from the omission of the recorder.

It is next objected that the court refused to permit the defendant to show that the mortgage to plaintiff was not recorded or indexed in a book kept by the recorder, as is required under chapter 76 of the Revision, exclusively for the recording or indexing of chattel mortgages. The bill of exception shows that when the plaintiff introduced the mortgage in evidence, the defendant then objected, and offered to introduce the records then in court to show that said mortgage was not recorded in such a book as was required by law. The court refused the defendant this privilege at that time, holding that it was not then the proper time for defendant's evidence. The exceptions show, however, that this evidence was subsequently received. We see no error in this ruling. The evidence was afterwards admitted, and if the court erred it was error without prejudice, and, as above stated, if the defendant had actual notice, it was immaterial whether the mortgage was recorded or not.

The next error we propose to consider relates to the giving and refusal to give certain instruction involving the construction of this instrument.

It is claimed by the counsel that this writing is but an assignment for the benefit of creditors, and as such it is void under our statute, as it was not made for the benefit of all of the creditors of said firm.

The court, in its instructions given, charged the jury that if they found that Altheimer was indebted to plaintiff in the sum specified in the mortgage, and that the object of the mortgage was in good faith to secure and provide for the payment of said debt, then the said mortgage was not fraudulent, even though it preferred the debt of Fromme to that of other creditors, and even though Altheimer was insolvent at the time. The instruction asked and refused was, in substance, the converse of this one given, that is, the court was asked to say to the jury that if the property conveyed was all of the property of said firm, and that they were insolvent at the time, and owed other parties for which no provision was made, that such transfer was an assignment, and, under the statute, void.

A debtor has a right to secure his creditor at any time, without reference to the claims of other creditors, provided, always, that he acts in good faith, and without any fraudulent design. Hence he has the power to sell and transfer all of his property for this purpose. If he has the power to sell absolute, he has the power to incumber by mortgage. Our statute expressly provides for the transfer of property under a chattel mortgage. If the sale is absolute, there is no necessity for any bill of sale, or other instrument of writing, if the possession accompanies the sale. If the vendor, however transfers the property as security, with the agreement that he is to repossess the property when the debt secured is paid, then the bill of sale must conform to the provisions of the law. If the law is complied with, the mortgagee holds the property subject to the payment of the debt secured. The question as to the power and right of the mortgagor to retain possession of and dispose of the

property mortgaged, by sale, if done in good faith, has been clearly recognized by this court in the cases of *Kuhn* v. *Graves*, 9 Iowa, 303 ; *Torbett* v. *Hayden*, 11 Iowa, 445 ; *Campbell* v. *Leonard*, 11 Id., 490 ; *Wilhelmi* v. *Leonard, ante.*

When this property was transferred, the law, as found in chapter 62 of the Code, was in force. A general assignment for the benefit of creditors under this provision, is a different thing from that of a chattel mortgage. An assignment passes the property beyond the control of the debtor. It is made in contemplation of insolvency. It requires the intervention of a trustee. If the property assigned is insufficient to pay the whole of the indebtedness, there must be a *pro rata* distribution of the avails of the property assigned. The character and design of a chattel mortgage is not the same as an assignment. By the chattel mortgage, the debt to particular individuals is merely secured. The mortgagor does not lose, but retains, the actual possession of the property, although the right to such possession as against other parties is in the mortgagee. The mortgagor can repossess the title to the property at any time by paying the debt secured. Nor is the making of a chattel mortgage, any evidence of insolvency. The mortgage, in this case, was made to secure a *bona fide* indebtedness. It was duly executed and acknowledged. It has every requisite of a chattel mortgage, and we cannot see wherein the court erred in instructing the jury that they must so consider it. The instrument in the case of *Burrows* v. *Lehndorff*, 8 Iowa, 101, construed by this court as an assignment, was made under different circumstances, than the one in this case. There the debtor attempted to execute bills of sale or mortgages to various creditors, making one subject to another, recording one a few minutes after the other, and without any knowledge or consent thereto by the creditors.

The counsel of appellant, who closes the argument in this court, relies upon one point out of the whole number of errors assigned, which we think is the only one raised upon which a reversal can be asked. This relates to the verdict of the jury. This verdict reads as follows: "We, the jury, find for the plaintiff, the amount the goods were appraised at the time the sheriff levied upon them." Upon this verdict, the court rendered judgment for the sum of thirty-one hundred dollars. The judge, in the bill of exceptions, states that the judgment was rendered upon this verdict for said sum, as it appeared to the court by the written appraisement attached to the return of the sheriff, to be the amount at which the goods were appraised at the time the sheriff levied upon the goods, which said appraisement value was shown to the court during the progress of the trial, at which said verdict was rendered by the jury.

The defendant was present, and objected to the action of the court in putting said verdict in form, and rendering judgment as it did thereon. Sections 1788, 89 and 90, provide that when an action is for the recovery of money, only the jury shall assess the amount of the recovery. The verdict may be put in form, if necessary. The verdict shall be sufficient in form, if it express the intention.

Under this law, it has been held by this court, that the verdict may be put in form if it can be definitely ascertained by the court from the data given by the jury, the amount they intended to find. As, for instance, when the suit is upon a promissory note, and the jury finds for the plaintiff the amount due on the note sued upon. The court in such a case, has sufficient data from which the intention of the jury can be determined. See *Stewart* v. *Campbell*, 6 Iowa, 538; *McGregor et al.* v. *Armill*, 2 Id., 30. Indeed, it is a general rule, that although a verdict does not conclude formally in the words of the issue, yet if the

point in issue can be collected from the finding, the court will put the verdict in form. See *Porter* v. *Rumney*, 10 Mass., 64. When, however, the amount cannot be definitely ascertained by reference to the pleadings, or to some certain data given by the jury, the court cannot assume the power to fix the amount of the judgment.

Did the court in this case, in putting the verdict in form, or in fixing the amount of the judgment, express the manifest intention of the jury? Had it a positive data upon which to base the amount of such judgment?

In the case of *Coffin* v. *Jones*, 11 Pick., 48, WILDE, J., says: "It is undoubtedly true that a mere formal defect in the verdict is immaterial. It is not necessary that it should follow the precise language of the issue, but it must be responsive to it, and so expressed as to render it certain that the jury decided the question or questions submitted to them, and any uncertainty upon this point is fatal." In the case of *Mays* v. *Lewis*, 4 Texas, 38, there was a verdict for the plaintiff, in the following words: "We, the jury, impanneled, &c., render a verdict in favor of Lewis to the effect that the said Lewis shall be entitled to the full amount specified in the promissory note adduced in the case, and drawn by said Mays in favor of said Lewis, together with the legal interest due thereon, making deduction of all amounts indorsed on them as paid." The court, in their opinion, say: "If the meaning of the jury in this verdict is certain and definite, or furnishes sufficient facts to enable the court to render the intention certain, the judgment ought not to be set aside, if it conforms to the. finding of the jury." The court then refers to the rule laid down by the Supreme Court of Kentucky, in the case of *Miller et al.* v. *Shackelford*, 4 Dana, 271; "that in considering the verdict itself with a view to its sufficiency, the first object is to ascertain what the jury intended to find, and this is to be done by construing the verdict liberally, with the sole view

of ascertaining the meaning of the jury, and not under the technical rules of construction which are applicable to pleadings." The court, in the case of *Mays* v. *Lewis*, proceed to say: "In the case before us, after giving the benefit of the rules cited, can the verdict be sustained? We are constrained to say, that from the best reflection we have been able to give the question, and with a strong inclination to sustain it, we find nothing in the verdict or in the record to render it certain. The difficulty arises from the words, 'adduced in the case.' If, instead of these words, the jury had said, 'set out in the petition,' or had made direct reference to the notes described in plaintiff's petition, there could have been no difficulty in finding that it was sufficiently certain. If the jury meant the notes read in evidence, we should be left totally at a loss to know what notes were referred to, whether two, or all three of the notes set forth in the petition, or some other notes. The verdict fails to furnish any such certain data by which to make it certain, and the court was unwilling to extend the rule further than it had been extended."

This case is not unlike the one before us. Reference is made by the jury to an appraisement. There were several appraisements attached to the returns of the sheriff offered in evidence. It nowhere appears in the record what the amount of the whole of such appraisements or either of them were. The court, to ascertain the intention of the jury, must go outside the record, and weigh conflicting evidence, to determine this amount.

The judge states, in the bill of exceptions, that the amount of this judgment was ascertained from the appraisement attached to the returns. An additional bill of exceptions states that the appraisement attached to the return of the said sheriff were excluded from the consideration of the jury, upon motion of the plaintiff. If so, it should not be considered by either the court or jury as a data upon which

to base the amount of the judgment. There is nothing more definite about this verdict than if they, the jury, had merely found for the plaintiff, which would possess no positive data upon which the court could render judgment. It would certainly be a dangerous precedent to recognize the right of the court, upon such an indefinite verdict, to fix the amount of the judgment, and one we feel unwilling to favor, in the least.

It is claimed that the record entry made by the clerk shows that the verdict was in due form, and that when the bill of exceptions and the record conflict, the latter must prevail. The bill of exceptions is a statement made by the court, and when filed becomes a part of the record. The exceptions contain the action of the court prior to the final order of judgment, or before the verdict is put in form and entered up by the clerk. The entry by the clerk contains the final order of the court; but this entry does not necessarily compel us to conclude that the bill of exceptions is in any respect untrue.

For the reason that the verdict was too indefinite to justify the judgment by the court, this cause is reversed, and a new trial awarded.

Reversed.