## WHITTAKER v. LINDLEY *et al.*

*Appeal from Scott District Court—Monday, April* 13.

GENERAL ASSIGNMENT.

The judgment of the court was announced by—

LOWE, J.—The facts on which this case arose, are, perhaps, sufficiently accurately and well stated by counsel for appellant as follows:

This is a bill in equity to enjoin a sale of land in Scott county, under a deed of trust thereon, made by defendant Jordan to defendant Lindley, to secure certain notes made by Jordan to defendant Cook; also, to have the deed of trust set aside and canceled. The land was attached, on the same day when the deed of trust was executed, July 14th, 1857, in a suit of *Chubb Bro., Barrow & Co.* v. *Jordan*, in the Scott District Court, and judgment having been obtained, was sold under execution thereon, and struck off to A. H. Barrow, one of the plaintiffs in said suit, from whom the plaintiff, Whittaker (who was a subsequent judgment creditor of Jordan), redeemed, took an assignment of the sheriff's certificate, and the time for redemption having expired, obtained a deed for the land from the sheriff.

The matters alleged as the ground of plaintiff's claims, are, in substance, these: That the sheriff, to whom the writ of attachment in favor of Chubb, Bro., Barrow & Co. was delivered for levy, with instructions to levy it upon a certain lot and store on Second street, in the city of Davenport, belonging to Jordan, was induced by the defendant, Cook, to refrain from so levying it, and to levy it, instead, upon the land now in question; that Jordan was at the time negotiating, through the law firm of Cook, Dillon & Lindley (of which firm defendant, Cook, was a member), for a sale of the said lot and store, in Davenport, to one Isaac Maas; and that the sheriff was told by Cook that if he attached said property it would break up this sale, which the

parties were anxious to consummate; and that Cook agreed with the sheriff that, if he would levy the attachment upon the land now in controversy, instead of said Davenport property, he (Cook) would permit the attachment to take precedence of an incumbrance he was about taking upon said land (claimed to be the deed of trust now in question), and that the attachment should be the first lien upon the land; that the sheriff, accordingly, relying on such agreement, refrained from attaching the Davenport property, which was sold and conveyed to Maas. It is claimed that, by virtue of this agreement, the lien of the attachment should in equity take precedence of the deed of trust, and that title having been perfected in plaintiff, by the sale under the judgment in the attachment suit, his redemption and the sheriff's deed to him, the subsequent attempt to set up the deed of trust against him and to sell the land thereunder, is in fraud of his rights and should be perpetually enjoined

It is also claimed that Jordan was insolvent when he made the deed of trust, that embraced substantially all his property, and not being for the benefit of all his creditors *pro rata*, is void under the statute prohibiting insolvent assignment giving preferences.

The court below rendered a decree dismissing the bill, and plaintiff appeals.

It will be observed that the plaintiff's right to the relief for which he prays, depends upon the truth of his principal charge, that if an alleged agreement between John P. Cook, then of the firm of Cook, Dillon & Lindley, and Leonard, the Sheriff of Scott County, to the effect that if he, the said sheriff, would refrain from levying said attachment on certain town property in Davenport, it should have precedence as a lien over a prior deed of trust on a certain tract of land in the county.

This allegation is controverted by the defendants, and upon hearing, the court below held that it *was not* sustained by a preponderance of the testimony, and dismissed the plaintiff's bill. This conclusion is so evidently borne out by a fair analysis of the legitimate evidence in the cause, that we shall content ourselves in simply expressing a concurrence in the same, without stating the grounds thereof. The existence of said agreement being found against the plaintiff, it also disposes of the legal questions raised and discussed in the cause, except the alleged void character of the deed of trust, because of its supposed violation of the provision of the statutes in relation to insolvent assignments. Upon this point, we remark that there is no adequate proof that Jordan, at the time he executed the deed of trust, was insolvent or that he contemplated insolvency. The deed of trust does not purport to be a general assignment of Jordan's property, nor to be given

APPENDIX.

to secure an antecedent debt, but a present loan of money, which was effected, it may be to liquidate the debts of the borrower. On the subject of assignments, see late decision of this court in the case of *Fromme* v. *Jones,* 13 Iowa, 474

Affirmed.

*Grant & Rogers* for the appellant—*Cook & Drury* for the appellees.