CITIZENS' NATIONAL BANK *et al.* v. JOHNSON *et al.*

1.  **Chattel Mortgage:** OF PARTNERSHIP PROPERTY : FORM, EXECUTION AND ACKNOWLEDGMENT OF. F. J. was a member of the firm of A. T. J. & Son, the members of which were M. E. J., K. J. and himself. To secure a firm debt, he executed a chattel mortgage on the firm property, beginning, "I, A. T. J. & Son Co., per F. J., a member of the firm," and the mortgagor was afterwards referred to in the instrument thus: "I, the said A. T. J. & Co.," and "A. T. J. & Co., mortgagor." It was signed by F. J. and M. E. J., and K. J. consented to its execution. and it was acknowledged by "F. J., a member of the firm of A. T. J. & Son Co." *Held*—

    (1) That it was not invalid as a firm mortgage because the abbreviation "Co." was several times added to the true name of the firm, since that could have misled no one.

    (2) That F. J. had authority to bind the firm by a chattel mortgage made by himself to secure a firm debt, and that the signature of M. E. J. thereto was surplusage, and did not invalidate it.

(3) That, at all events, no one but the other members of the firm, or those claiming under them, could question his authority to bind the firm by the mortgage.

(4) That the acknowledgment by "F. J., a member of the firm of A. T. J. & Son Co.," was sufficient.

2. ———: ———: BY TWO OF THREE MEMBERS OF FIRM: VALIDITY. A chattel mortgage, made to secure a firm debt, by two of three members of the firm, the other consenting thereto, but being unknown to the mortgagee as a partner, is valid as between the parties, though it does not purport to be a partnership mortgage; and is also valid as to subsequent attaching creditors who have notice of the facts.

3. ———: VALIDITY: DESCRIPTION. A mortgage of horses and vehicles which describes the horses by color, age and weight, and the vehicles by name, with the addition, "Said property kept in our stable in the city of Des Moines," is sufficient as to description; and so is a mortgage of "two landau hacks now in our possession at our barn" at a certain designated place in said city.

*Appeal from Polk District Court.*—HON. JOSIAH GIVEN, Judge.

FILED, FEBRUARY 3, 1890.

THIS is a contest between the creditors of A. T. Johnson & Son, a partnership formerly engaged in the omnibus and transfer business. The partnership failed on September 12, 1888. Its property was seized by writs of attachment, and the intervenors, McFarland and Nourse, claimed liens upon part of the assets by virtue of certain chattel mortgages. A trial was had, and said chattel mortgages were held to be invalid as to the other creditors. John McFarland and C. O. Nourse appeal.

*Kauffman & Guernsey*, for John McFarland.

*C. C. & C. L. Nourse*, for C. O. Nourse.

*Mitchell & Dudley, Macy, Sweeney & Jones, J. H. Phillips* and *E. J. Goode*, for appellees.

ROTHROCK, C. J.—I. Prior to the failure of the partnership, the intervenors, John McFarland and

C. O. Nourse, creditors of the firm, each took a chattel mortgage upon certain of the partnership property. The chattel mortgage held by McFarland was filed for record and indexed on the twelfth day of September, 1888, at 9:40 o'clock a. m., and the mortgage of C. O. Nourse was duly filed and indexed at four o'clock p. m. on the same day. After that time, and on the same day, and the day following, a large number of attachment suits were commenced by other creditors of the partnership, upon which writs of attachment were levied upon the firm property. There were also one or two mortgages upon the property other than those above mentioned. A receiver of the assets of the firm was appointed by the court, and an order was made that the property should be sold, and the proceeds held until the priority of the liens of the several creditors could be determined upon a trial. Petitions of intervention and other pleadings were filed by the respective parties, and, when the cause was presented to the court to adjust the rights of priority, the contest narrowed down to a determination of the question whether the mortgages of McFarland and Nourse were valid instruments, and superior liens upon the property to the liens of the attachments levied after said mortgages were filed for record. The district court determined that the mortgages were invalid, as against the attaching creditors, and the question presented for our determination is whether this ruling was correct.

Before entering upon an examination of the question, it is proper to state other facts which appear in the record. The partnership of A. T. Johnson & Son in the omnibus and transfer business was originally composed of A. T. Johnson and his son, Frank Johnson. A. T. Johnson died in the year 1883, and left surviving him his wife, M. E. Johnson, and his two children, Kate and Frank Johnson. These three parties continued in the same business, under the original partnership name, until their failure as above stated. Frank Johnson and M. E. Johnson owned some property in

their own right, but, as the property in controversy was all owned by the partnership, the rights of the individual partners to such of the property as was owned by them need not be considered. It is conceded to be a fact that none of the creditors knew when they extended credit to the firm that Kate Johnson was a partner therein. This was discovered when the general scramble came among the creditors for priority in their attachments. The pleadings in most, if not all, of the cases were prepared upon the theory that Frank Johnson and M. E. Johnson were the only partners. Amendments were afterwards made averring that Kate Johnson was also a partner. The appellants took their mortgages in the same belief.

We come, now, to consider the question as to the validity of the mortgages. It was claimed in the court below, and is claimed here, that the mortgages are void as to the attaching creditors, upon these grounds: The *first* ground is that the property mortgaged was partnership property, and the mortgages were not made by the partnership; *second*, that the description of the property in the mortgages was so indefinite and uncertain that they are void; and, *third*, that the mortgages were not properly acknowledged, and did not impart constructive notice to the other creditors.

The mortgage to McFarland described the mortgagor as follows: "Know all men by these presents

1. CHATTEL mortgage: of partnership property: form, execution and acknowledgment of.

that I, A. T. Johnson & Son Co., per Frank Johnson, a member of the firm, of the county of Polk and state of Iowa, in consideration of the sum of nine hundred dollars to me in hand paid," etc. The name of the firm when repeated in the mortgage is in this form: "I, the said A. T. Johnson & Co.," and "A. T. Johnson & Co., the said mortgagor." When the name of the firm is repeated, it is accompanied with the reference to the "said mortgagor;" evidently meaning thereby to refer to the name A. T. Johnson & Son Co., the first name used in the mortgage. It is claimed

that this was not a mortgage made by A. T. Johnson & Son. When the whole instrument is considered, the only real ground of the claim is that the contraction "Co." is used in connection with the true name of the partnership. It appears to us that this attack upon the mortgage is exceedingly technical. The word "Co." would not mislead any searcher of the records. Suppose it had been written out in full, and the name of the mortgagor had appeared as "A. T. Johnson and Son Company." It would have been equivalent to "A. T. Johnson & Son Partnership." We do not think that important rights should be made to depend upon so unimportant a departure from the true name.

The mortgage is signed by "M. E. Johnson" and "Frank Johnson," without other designation. It is claimed that the signatures show that the mortgage was not made by the firm. But the signatures must be construed with reference to the body of the instrument, and it is therein recited that the mortgage is made by the partnership, "per Frank Johnson, a member of the firm." His signature was all that was necessary, and the fact that the name of another member of the partnership was signed to the instrument in no manner affected its validity. It is conceded by counsel for the respective parties that one partner may mortgage the firm property to secure a firm debt. This has been the law of this state for many years. See *Fromme v. Jones*, 13 Iowa, 474. It appears that all the partners, including Kate Johnson, assented to the giving of the mortgage, and, this being the fact, the question as to the power of Frank Johnson to bind the firm by the mortgage can be raised only by the other partners, or by some one who claims through them.

It is also claimed that the acknowledgment of the instrument is defective. It purports to be acknowledged by "Frank Johnson, a member of the firm of A. T. Johnson Son Co." We are not aware of any form of acknowledgment required by statute where one member of a firm mortgages property of the firm for a

partnership debt, and it appears to us the acknowledgment is sufficient.

II. The mortgage to Nourse was made and signed by Frank Johnson and M. E. Johnson, and did not

2. ——: ——: by two of three members of firm : validity. purport to be a mortgage of the partnership. But it was given to secure a partnership debt, and as has been said, Nourse believed at the time the makers of the mortgage were the full and absolute owners of the mortgaged property. The mortgage was given to secure the payment of money loaned by Nourse to the firm. Kate Johnson knew of the transaction at the time; and assented to it, or, at least, made no objection. We think this mortgage was also a valid instrument. We may say here, in reference to both of the mortgages, that, aside from the constructive notice imparted by law to the appellees, the evidence shows quite satisfactorily that the appellees had actual notice of all that is now claimed for these mortgages before their attachments were levied upon the property. Surely, if the mortgages were valid between the parties thereto, and the appellees had actual notice of them, they could acquire no rights superior to them.

III. The only other question which we deem it necessary to examine is the claim that the description

3. ——: validity: description. of the property in the mortgages is so indefinite that no notice was imparted thereby to the attaching creditors. This claim may be disposed of very briefly. Aside from the consideration that appellees had actual notice of the mortgages, and were bound thereby, as held in *Manufacturing Co. v. Griffith*, 75 Iowa, 102, and cases there cited, we think the description in these mortgages is sufficient. The horses mortgaged to McFarland are described in the mortgage by color, age and weight, and the vehicles by name, and there is the following recital in the mortgage : " Said property kept in our stable in the city of Des Moines." The description of the property in the mortgage to Nourse is as follows : "Two

landau hacks now in our possession at our barn on North street, near Market street, Des Moines, Iowa. Said hacks are made by Cruttenden & Co." It seems .to us that these descriptions are sufficiently definite to meet every requirement of the law. The decree to the district court will be REVERSED.