HIBBARD, SPENCER, BARTLETT & Co., Appellees, v. S. P. ZENOR, Sheriff, Appellant.

| 82 | 505 |
| 105 | 599 |

| 82 | 505 |
| f143 | 9 |

1. **Replevin:** PROOF OF TITLE. In an action for the recovery of specific personal property by one claiming under a chattel mortgage, against a sheriff who has seized the property under a writ of attachment, such mortgage is competent evidence of the plaintiff's title without proof of the possession or ownership of the promissory note which it purports to secure; and parol evidence of the fact of the indebtedness secured by such mortgage is competent.

2. **Attachment of Mortgaged Chattels:** NOTICE OF OWNERSHIP: RECITALS. A notice of ownership in such case served by the chattel mortgagee upon the officer levying the attachment, which complies in all respects as to form with the requirements of section 1 of chapter 45 of the Acts of the Twentieth General Assembly will not be deemed insufficient because it describes a promissory note of a date prior to the execution of the mortgage.

3. **Witnesses:** IMPEACHMENT OF: TRANSCRIPT OF EVIDENCE ON FORMER TRIAL. A reporter's transcript of the short-hand notes of the testimony of a witness upon the trial of a cause, properly made and filed of record therein, is competent evidence, under section 2 of chapter 195 of the Acts of the Eighteenth General Assembly, for the purpose of impeaching the testimony of such witness upon a subsequent trial.

4. **Attachment:** PRIORITY OF LIENS : NOTICE. Notice to an officer before the levy of a writ of attachment of the existence of an unrecorded mortgage upon the property levied upon is binding upon the attaching creditor.

5. ——— : REPLEVIN BY JUNIOR LIENHOLDER. At the time that the plaintiff commenced this action the defendant, as sheriff, held the property in question by virtue of a writ of a landlord's attachment for rent, the lien for which was prior to that of the plaintiff, and of two other attachments to which the plaintiff's lien was senior. Subsequently, and before the trial herein, the plaintiff paid the amount of the landlord's claim into court, and was, by order of court, subrogated to his rights in the property. *Held,* that the district court having taxed to the plaintiff the costs herein up to the date of such subrogation, and the defendant having no claim to the property after the landlord's lien was satisfied, the defendant was not prejudiced by evidence on behalf of the plaintiff showing the settlement of the landlord's lien.

*Appeal from Boone District Court.*—HON. J. L. STEVENS, Judge.

THURSDAY, MAY 21, 1891.

THIS is an action of replevin for a stock of hard-ware. The plaintiffs' action is founded upon a chattel mortgage upon the stock, executed by a mercantile partnership known as Hall & Co. ; and the defendant, who is sheriff of Boone county, claims possession of the goods by virtue of certain writs of attachment which he levied upon the property at the suits of certain creditors of Hall & Co. There was a trial by jury, and a verdict and judgment for the plaintiffs. The defendant appeals.—*Affirmed.*

*Crooks & Jordan* and *W. S. Bicksler,* for appellant.

*L. W. Reynolds* and *E. L. Green,* for appellees

ROTHROCK, J.—I. This is a race between creditors to obtain priority in subjecting the assets of an insolvent partnership to the payment of their respect-ive debts due from the firm. The plaintiffs are the principal creditors ; that is, their claim is more than all of the others. The case has once before been tried, and an appeal was taken from a judgment against the plaintiffs. The cause was reversed for an error in instructing the jury as to what constituted a legal levy of the writs of attachment. 75 Iowa, 471. The facts attending the levy of the attachments and the execution of the chattel mortgage are fully set forth in the opinion in the former appeal, and need not be repeated in detail here.

**1. REPLEVIN: proof of title.**

The first objection made by counsel for the appellant is that the court erred in permitting the plaintiffs to introduce the chattel mortgage in evidence, because the note which it was given to secure was not offered in evidence nor produced at the trial. The mortgage was in proper form, duly executed, and purported to secure the payment of a promissory note for seventy-five hundred dollars, dated December 28, 1886. The thought of counsel in presenting this objection is that the note may

have been sold and indorsed by the plaintiffs to a third person, and that person alone could assert title to the property under the mortgage. It is true, as a rule, that the legal holder of a note secured by a mortgage upon real estate is entitled to enforce the mortgage lien as security for the debt. But the foreclosure of a chattel mortgage is quite a different proceeding from the foreclosure of a real-estate mortgage. In the foreclosure of a real-estate mortgage judgment is entered upon the notes secured by the mortgage. "In the absence of stipulations to the contrary in the mortgage, the mortgagee of personal property is entitled to the possession thereof" (Code, sec. 1927); and he may maintain an action for the possession of the property against anyone who acquires such possession from the mortgagor or in any other way. Moreover, there was no issue made or tendered to the effect that the plaintiffs were not the owners of the note when the action was commenced, and there was evidence that Hall & Co. were indebted to the plaintiffs in the sum of seventy-five hundred dollars, and there was no claim made that any part of it had been paid. Under these facts there was no error in permitting the mortgage to be introduced in evidence. The plaintiffs did not seek by this action to foreclose the mortgage. They demanded possession of the mortgaged property, as they had the right to do, and the foreclosure and application of the proceeds in a proper manner were required to be made when possession was obtained.

It is claimed that the oral evidence of indebtedness from Hall & Co. to plaintiffs was erroneously admitted, because the indebtedness could be proved only by the production of the note. This objection appears to us to be without merit. The note is but evidence of the indebtedness, and there can be no valid objection to showing the fact of indebtedness by any other competent evidence. It is to be remembered that this is not an action upon the note. It is an action for the possession of the property by the mortgagee.

II. Before the action was commenced, a notice of the claim of the plaintiffs under their mortgage was

2. ATTACHMENT of mortgaged chattels: notice of ownership: recitals.

served upon the defendant. This notice is in all respects in form such a notice as is required by section 1, chapter 45, Acts of the Twentieth General Assembly. It is in writing, under oath, claims the property, states the nature of the claim, and for what consideration, and it was properly served on the defendant. Objection is made in argument to this notice because it describes a note given at a time previous to the execution of the mortgage, and because it was not shown that the person who made the affidavit was the agent or attorney of the plaintiff. The objection that the note was not of the same date as the mortgage cannot be sustained, because no reason can be given why a mortgage may not be executed to secure the payment of a note previously executed. The evidence shows without dispute that Edwin Bean, who made the affidavit to the notice, was the attorney and agent for the plaintiffs in this case, and acted as such in securing the first mortgage, of which this mortgage was a renewal or substitute. There ought not to be any question upon the sufficiency of this notice. And the fact that other notices, not verified by affidavit, were admitted in evidence, was no prejudice to the defendant, for the reason that the question of notice was settled and fixed by the notice above described. When that was introduced in evidence it was an end of controversy upon that question.

III. It will be observed by an examination of the opinion on the former appeal that it is assumed as a

3. WITNESSES: impeachment of: transcript of evidence on former trial.

fact that before the levy of the attachments was made the defendant was notified that there was a chattel mortgage upon the stock of goods. Upon the last trial the fact that such notice was given was disputed. John C. Hall, a member of the partnership, testified positively that he told the defendant there was a mortgage upon the stock, and the defendant, when examined as a witness, testified that he did not remember that Hall stated to him that

there was a mortgage on the goods. His attention was called to his testimony taken upon the former trial, as shown by the transcript of the short-hand reporter then on file and made of record in the case, and at the proper time, and for the purpose of showing that the witness testified upon the former trial that he had notice of a mortgage before the levy was made, the plaintiffs offered certain parts of said transcript in evidence. Objection was made to the introduction of the evidence for various reasons, mainly to the effect that it had not been shown that the evidence was taken on a trial in this case, and that there was no showing that the transcript of the evidence was made of record. These objections are not founded upon the record. It appears without question that the transcript of the evidence was properly made and filed, and thus became a part of the record. These facts plainly appear from the appellee's abstract. It is claimed that it is not competent to impeach a witness by introducing the transcript of his testimony upon a former trial of the case. It is provided by section 2 of chapter 195 of the Acts of the Eighteenth General Assembly, that a duly certified transcript of the short-hand notes of the evidence in a case "shall be admissible in any case in which the same are material and competent to the issue thereon, with the same force and effect as depositions, and subject to the same objections, so far as applicable." This court has frequently held that a witness may be impeached by means of his deposition taken in the same case, and not used on the trial. *Samuels v. Griffith*, 13 Iowa, 103; *State v. Shannehan*, 22 Iowa, 435; *Johnson v. Railroad*, 58 Iowa, 348. Under the statute above cited the same rule applies to transcripts of evidence taken by short-hand reporters.

IV.   It is contended that notice to the defendant is not binding· upon the creditor at whose suit the writ of attachment was issued, and we are requested to overrule the case of *Stewart v. Smith*, 60 Iowa, 275, and other cases, which hold that such notice is sufficient to charge the attaching creditor.

4. ATTACHMENT: priority of liens: notice.

We have no disposition to disturb the former rulings of this court on that question, and we do not deem it necessary to even enter upon a discussion of the propriety of so doing.

V. At the time this action was commenced the defendant, as sheriff, was in possession of the storeroom and stock of goods in question under attachments in favor of the McCormick Harvesting Machine Company, the Baker Barbed Wire Company, and L. & H. Goeppinger. The last-named parties were the owners of the building in which the goods were kept, and their claim was for rent of the storeroom ; and it is conceded that their landlord's lien was prior and superior to the plaintiffs' mortgage. · This action was commenced on the eleventh day of January, 1887. The attachment for the rent due to L. & H. Goeppinger was levied on the eighth day of the same month. The case at bar was not commenced on account of the claim for rent. The petition expressly states that the goods were held by defendant upon the claims of the Baker Barbed Wire Company and the McCormick Harvesting Machine Company, and the notice of ownership, which was served on the tenth day of January, asserted ownership as against the two last-named parties only. In the action of L. & H. Goeppinger against Hall & Co. the defendants therein did not appear, and on the twenty-fifth day of January, 1887, judgment was rendered for the rent, and a special execution was issued ; and on the twenty-seventh day of the same month the plaintiffs herein filed a petition of intervention in that case, alleging their absolute ownership and possession of the goods, and they then paid into court the full amount of the Goeppinger judgment and costs, and prayed that they be subrogated to whatever rights the Goeppingers had by virtue of their landlord's lien, and on the second day of February the said Goeppingers received said money in full of their claim, and the court, by an order made on the same day, subrogated the plaintiffs herein to all the rights before that held by L. & H. Goeppinger.

It is claimed by counsel for appellant, and the claim was made in the court below, that the defendant was rightfully in possession of the goods by virtue of the landlord's attachment when this action was commenced, and objection was made to the evidence showing the settlement of the landlord's claim. The objection was overruled. It may be conceded that an action of replevin cannot be maintained by one who has no right to the possession of the property when the action is commenced. The court below recognized that rule of law in its instructions to the jury, but, in view of the peculiar circumstances surrounding the case, the jury was instructed that, if they found for the plaintiffs as against the claims of the Baker Barbed Wire Company and the McCormick Harvesting Machine Company, they should return a verdict for the defendant for the possession of the property under the landlord's attachment, and that his interest therein was one cent. The jury returned this verdict, and afterwards, on a motion to retax costs, the court ordered that all of the costs which accrued up to the time that the landlord's attachment was paid should be taxed to the plaintiffs, and all costs which accrued after that time should be taxed to the defendant. It may be that in a strict technical sense the plaintiffs should have paid the landlord's lien before commencing this action. But as the payment was made before any party in interest was or could have been prejudiced, and whatever right the defendant had in the goods was fully satisfied before any trial of the main case was had, and in view of the fact that the plaintiffs at no time asserted any claim as against the lien for rent, we conclude that there was no error prejudicial to the defendant in the rulings of the court last above recited. The defendant had no claim whatever to the goods after the landlord's lien was satisfied.

There are other alleged errors discussed by counsel. We do not think they raise any questions necessary to be examined. It is enough to say that the views herein expressed dispose of every material question in the case. AFFIRMED.