JULIA ORR v. B. H. KENWORTHY, Sheriff, and FRANK B. WILSON, Appellants.

**Sales:** REPLEVIN : NOTICE TO CREDITORS. A creditor who has not acquired a lien upon personal property by attachment, the levy of an execution or otherwise, without notice of a sale, is not entitled to the protection of the statute providing that there must be a change of possession, or a recorded writing evidencing the sale, to validate the same.

**Same.** Actual notice to the sheriff of a transfer of property given prior to levy by a judgment creditor, is sufficient notice to protect the rights of the purchaser.

**Same.** Where property levied upon was, at and prior to the time of levy, in the actual possession of a purchaser of the judgment debtor, further notice to the sheriff of the purchasers rights was not required.

**Same:** SUNDAY CONTRACTS : RATIFICATION : APPEAL : QUESTION NOT RAISED BELOW. The objection to the validity of a sale of personal property, that it was made on Sunday, unless presented to the trial court will not be considered on appeal; and even if there was a transfer of the property on Sunday, subsequent payment and acceptance of the consideration on a following secular day was such a ratification of the transaction as to remove the taint of illegality.

*Appeal from Adair District Court.*—HON. EDMUND
NICHOLS, Judge.

FRIDAY, JUNE 4, 1909.

ACTION of replevin brought by plaintiff, claiming to
be the owner of a team of horses, a set of harness, and a
buggy, to recover possession thereof from the defendant,
as sheriff, claiming to hold the same under levy of execu-
tion thereon as the property of one Tim Sullivan. Frank
B. Wilson, the execution creditor, was made party de-
fendant, and sought to sustain the validity of the levy.
There was a trial to the court without a jury, and judg-
ment for plaintiff for the possession of the property, from
which the defendants appeal.—*Affirmed.*

*E. W. Weeks* and *Frank B. Wilson,* for appellants.

*Champman & Musmaker,* for appellee.

MCCLAIN, J.—The plaintiff, a married woman, was
residing July 14, 1907, with her husband on a farm in
Adair County, and on that day, which was Sunday, her
brother Tim Sullivan, arrived at her home from Illinois,
where plaintiff had also formerly resided, bringing with
him the team of horses in controversy and harness, and a
hack or buggy. He proposed to turn the property over to
plaintiff in payment of certain notes which plaintiff held
against him, and the property was at once taken possession
of by the plaintiff, who on the following day surrendered
to Sullivan one note for $150 and another note for $200,
the latter secured by a mortgage on other property of Sulli-
van's in Illinois. From that time continuously until after
the levy, which was made on the 25th of the same month,
the team remained in the possession of plaintiff and under
her control on the farm where she resided with her hus-

band, and, so far as appears from the evidence, Sullivan exercised no further acts of ownership or control with reference thereto. The controversy as presented to the lower court related solely to the team of horses and the harness, which had been placed in plaintiff's barn, and which plaintiff claims to have acquired ownership of as a part of the same transaction. On the 25th of July defendant Kenworthy, as sheriff, having an execution against Sullivan issued under a judgment of several years' standing in favor of defendant Wilson, came to plaintiff's home and made inquiry as to the property which Sullivan had recently brought with him from Illinois for the avowed purpose of levying thereon under the execution. He was at once advised by plaintiff that she claimed the ownership of the property, but, notwithstanding this claim, the sheriff proceeded to levy upon the team and harness, and made proper return of such levy. Plaintiff seeks to recover possession of the property thus levied on, alleging that prior to the levy she had acquired possession and ownership thereof by purchase from Sullivan. As the judgment of the trial court in favor of the plaintiff must have been predicated on the evidence tending to show that plaintiff had become the owner of the property before the levy, we need not discuss the sufficiency of the evidence in regard to the transaction between plaintiff and Sullivan, for it is not contended and could not with any plausibility be claimed by appellant that there was no evidence to support a finding of fact by the trial judge that plaintiff had acquired the title to the property in controversy, and the finding of the trial judge on this question of fact must be given the same effect as the verdict of a jury.

The only real controversy presented for the appellant is as to whether there had been such change of possession as is required by Code, section 2906, to render the sale to plaintiff by Sullivan valid as against existing creditors; no written statement of sale having been executed or re-

corded. Counsel for appellant contend that Wilson, the judgment creditor of Sullivan, was an existing creditor as to whom no sale of the property by Sullivan was valid under the section of the Code above referred to, unless evidenced in writing, duly recorded, etc. But to entitle a creditor to protection under this statute, it must appear that he acquired a lien by attachment or execution levy or otherwise without notice of the sale or transfer. *Murphy v. Murphy,* 126 Iowa, 57. It appears in the first place that the sheriff was given notice of plaintiff's rights before the levy was made, and this is sufficient. *Hibbard v. Zenor,* 82 Iowa, 505. In the second place, the property was actually in the possession of plaintiff, and further notice was immaterial. The statute has no application where the actual possession passes to the person who claims title under a sale.

The contention for appellant that the transfer of the property to plaintiff was invalid because made on Sunday was not presented to the trial court, and can not, therefore, properly be considered. But if it were now before us, we should have to hold that, although the arrangement for transfer of the property from Sullivan to plaintiff was on Sunday, the act of plaintiff on Monday in delivering the notes to Sullivan in pursuance of the arrangement for the purchase of the property and their acceptance by him was such a ratification as to remove any taint of illegality from the transaction. *Russell v. Murdock,* 79 Iowa, 101. The judgment is *affirmed.*