In re EMPRESS PHARMACY et al.

In re DES MOINES DRUG CO.

(District Court, S. D. Iowa, C. D. January 18, 1916.)

No. 2415.

BANKRUPTCY ☞189—PARTNERSHIP—EXISTING CREDITORS—CHATTEL MORTGAGE BY PARTNER—RECORD—NOTICE.

The trustee, who under Bankr. Act July 1, 1898, c. 541, § 47a (2), 30 Stat. 557, as amended by Act June 25, 1910, c. 412, § 8, 36 Stat. 840 (Comp. St. 1913, § 9631), on his appointment becomes vested with all the rights of a creditor holding a lien, takes the stock of the bankrupt, a partnership composed of N. and A., and doing business under the name of E. P. drug store, free of the lien of a mortgage given thereon in the individual name of N., though with knowledge of the other partner, and so valid between the mortgagee and firm; Code Iowa, § 2906, declaring a mortgage of personalty remaining in the mortgagor's possession void against "existing creditors," meaning creditors who, without notice of an unrecorded lien, have acquired a lien upon the property, and the statute requiring that a mortgage must not only be recorded, but indexed in the name of the mortgagor, in order to constitute constructive notice.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 286–289, 291–295; Dec. Dig. ☞189.]

In Bankruptcy. In the matter of the Empress Pharmacy and others, bankrupts. On claim of the Des Moines Drug Company, adjudged by the referee a preferred claim. Reversed.

John B. Sullivan, of Des Moines, Iowa, for Drug Co.
C. H. Miller, of Des Moines, Iowa, for trustee.
Parker & Riley, of Des Moines, Iowa, for landlord.

WADE, District Judge. Upon a hearing before the referee it was adjudged that the claim of the Des Moines Drug Company should be allowed as a preferred claim against the estate under a chattel mortgage

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

covering substantially all the assets of the estate. The chattel mortgage was executed on the 10th day of February, 1914, and was signed by H. H. Nabers and Mrs. H. H. Nabers, and recorded February 24, 1914. The chattel mortgage was given to secure a note for $2,594.85, which note was signed by H. H. Nabers, W. J. Allen, Mrs. Emma May Allen, and Mrs. H. H. Nabers. The note was given for drug supplies and fixtures, which were purchased before the Empress Pharmacy Drug store was opened. These goods were partially paid for in cash, and the balance secured by the aforesaid mortgage, and formed the principal, if not the full, stock with which the drug store was opened.

The trustee in his objections, contends that the Empress Pharmacy, bankrupt herein, was a partnership, composed of H. H. Nabers and W. J. Allen, and that the mortgage executed by Nabers and his wife, being upon property purchased for the partnership, is invalid; and it is further contended that, even if valid as between the parties, it is void as to the trustee, because the record thereof gave no notice to subsequent creditors that there was a mortgage upon the assets of the partnership.

That the Empress Pharmacy was a partnership there can be no question. The petition in bankruptcy was filed by the Empress Pharmacy as a copartnership, and by the partners therein, H. H. Nabers and W. J. Allen. To the allegation of partnership, no objection is made by claimant, or any one else, so far as the record discloses. Claimant called as a witness upon the hearing of this claim W. J. Allen, who testified to the existence of the partnership as follows:

"Q. What was the idea in starting that store there in the Empress Building? A. Put him [Nabers] as a partner and authorized to do anything that he seen right to run the store and manage it, and take care of it." "I gave him authority as general manager to manage the store, and anything he did was satisfactory to me in reference to the business." "Q. Isn't it a fact, Mr. Allen, that you were simply what is known as a silent partner in that firm? A. I don't know how the court will take it. I didn't care for the fact to be known, on account of being in the whisky business. Q. It is a fact, though, isn't it, Mr. Allen, that you and Mr. Nabers were partners in the business there? A. Yes, sir. Q. What name did you operate your partnership under? A. Empress Pharmacy; that is what we call the store. Q. And Mr. Nabers knew you were in partnership with him? A. Yes, sir. Q. In other words, you put the money in, and your son-in-law put the brains in? A. Yes, sir; as a partner I gave him a half interest in the business, if he took good care of it. Q. Now, Mr. Allen, I understood you said the copartnership went under the name of the Empress Pharmacy; did you go under any other name, as Nabers & Allen, or Allen & Nabers? A. No; just Empress Pharmacy."

Under this and other evidence, there can be no question about the partnership in this case.

Counsel refer to cases involving the question as to what constitutes a partnership. Those cases generally involve controversies between the partners, or as to the property of an individual claimed to be a partner; but in this case upon the trial there seemed to be no question about the partnership. No issue was raised as to the partnership. Every one seemed to recognize the existence of a partnership at the time of the trial.

No definite time is given as to the date when the partnership was organized; but, under the evidence, no other conclusion can be reached

than that the partnership arrangement was made before the goods were purchased. Allen and Nabers both conferred with claimant in regard to the purchase of the goods, and Allen furnished money to apply in part payment for the goods purchased from the claimant. The mortgage "covered the unpaid portion of the purchase price."

It is apparent from the evidence that the partnership was not disclosed to the claimant, and that the mortgage was accepted in good faith by the claimant, in the belief that the goods were sold to Nabers and that he was to run the store. No specific inquiry upon this point, however, was made; but, under all of the evidence, there is no question but that the mortgage, being executed with full knowledge of Allen, and for partnership goods, is a valid lien upon the partnership assets as between the claimant and the partners.

But by section 47a (2) of the Bankruptcy Act, as amended by the act of June 25, 1910, the trustee herein, upon his appointment, became "vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings."

Under Code Iowa, § 2906, a mortgage of personal property, where the mortgagor retains actual possession thereof, is void as against existing creditors, and "existing creditors" means "creditors who, without notice of an unrecorded lien or title, have acquired a lien by attachment, or levy, or otherwise, upon the property involved." Orr v. Kenworthy, 143 Iowa, 6, 121 N. W. 539, 136 Am. St. Rep. 728.

So that it is necessary to determine whether or not the record of the mortgage signed by Nabers and his wife was notice of a mortgage upon the property of the partnership. The statute not only requires the recording of the mortgage, but it requires that it shall be indexed in the name of the mortgagor, and the notice given by the record is only such notice as the index discloses. A person interested need not examine the records beyond the index.

Now, of course, the index to mortgages in this case disclosed a mortgage given by H. H. Nabers and Mrs. H. H. Nabers. The apparent title of the partnership was the Empress Pharmacy; but, whether it be the Empress Pharmacy, or Allen & Nabers, or Nabers & Allen, the index would in no manner indicate to a person searching the records that the partnership had given a mortgage upon its property, nor would the index indicate that one of the partners had given a mortgage upon the property, because there was nothing in the title of the partnership to indicate the initials of Nabers, who was one of the partners.

The cases relied upon by counsel for claimant do not sustain the proposition that the record of a mortgage given by one partner in his individual name to secure a partnership debt is notice to creditors of a lien upon the partnership assets. They do hold, and properly hold, that one partner may execute a mortgage upon the partnership assets to secure a partnership debt; but they do not really involve the question as to the effect of the record of such a mortgage, if executed in the name of the partner, instead of the partnership name.

In Fromme v. Jones, 13 Iowa, 474, it was held (and this is an extreme case) that the omission by the recorder of the words "& Co." from the firm name "Samuel Altheimer & Co." did not destroy the

effect of the record as notice; it appearing that Samuel Altheimer was the sole partner.

In Citizens' Bank v. Johnson, 79 Iowa, 290, 44 N. W. 551, the question was not involved, the court saying:

"The evidence shows quite satisfactorily that the appellees had actual notice of all that is now claimed for these mortgages before their attachments were levied upon the property."

Davis v. Turner, 120 Fed. 605, 56 C. C. A. 669, does not involve the question, because the case is from the state of North Carolina, in which there is no statute requiring recording and indexing. It is the law of that state that a mortgage "is good against creditors from the time of its delivery to the register."

I have made careful examination, and I find no case which holds that under the Iowa statute, or a statute similar thereto, the record of a mortgage given by one partner in his individual name constitutes notice to partnership creditors. It is true that the mortgage described the building in which the drug store was located, but the question involved is not what notice the mortgage itself would give; it is a question as to what notice the index of the mortgage would give.

"The purchaser (and likewise a creditor) is not bound to look beyond the proper index for information as to conveyances, and, if the index shows none, there is no constructive notice of any." Koch v. West, 118 Iowa, 468, 92 N. W. 663, 96 Am. St. Rep. 394.

In view of the foregoing, it is my duty to reverse the adjudication by the referee; and it is so ordered.