CHAPMAN v. COATS *et al.*

1. **Equity: MISTAKE OF FACT.** A mere mistake in the belief of a party as to the existence of a fact which does not change the legal rights of the parties, cannot be the basis for setting aside a contract deliberately entered into by the parties; especially where no fraud is practiced.

2. **Judgment lien: UNRECORDED CONVEYANCE: NOTICE.** Under our registry laws, the lien of a judgment does not take precedence of a prior unrecorded mortgage; and if the mortgage be recorded before the sheriff's sale under the judgment the purchaser at such sale, will be affected with notice.

3. —— **RIGHTS OF ASSIGNEE.** Nor would an assignee or purchaser of the judgment, before the recording of the mortgage, stand in any better position than the original judgment creditor.

*Appeal from Lee District Court.*

TUESDAY, DECEMBER 22.

COMPROMISE AGREEMENT: MISTAKE OF FACT: RECORDING ACT, ETC. — Plaintiff brought this action to foreclose a mortgage made by the defendant Coats, on certain real estate, and the appellant, Seeley, is made a defendant, as claiming some interest therein.

The present controversy is between the plaintiff and Seeley. The latter set up that he had a mortgage on the land in controversy older than the plaintiff's mortgage. Appellant admits that there was a defect in the description of the land in this mortgage, but claims that the plaintiff had actual notice of appellant's rights thereunder. Seeley also claimed title to the land under a sheriff's sale upon an ordinary money judgment which had been recovered against Coats.

Plaintiff's mortgage from Coats, bore date *December* 9, 1859, and was recorded at Fort Madison (the proper recording district of the county), *January* 10, 1860. The

sheriff's sale under which Seeley claimed title, was made under a judgment against Coats (to which plaintiff was not a party), rendered in the District Court of Lee county at Fort Madison, *December* 22, 1859. The execution issued on this judgment, was tested September 3, 1860, and the land was *sold* by the sheriff to Seeley, *October* 10, 1860, and he obtained a sheriff's deed August 5, 1862, which was duly recorded March 6, 1863.

The plaintiff's present suit to foreclose was commenced in August, 1865, and the issues made up in 1866. Both parties in their pleadings claimed priority of right.

In September, 1867, the plaintiff and Seeley, by their attorneys, agreed in writing upon a compromise, to the effect that the plaintiff should have a decree for his mortgage debt; that the land should be sold thereunder, and that after paying costs, the proceeds should be equally divided between the plaintiff and Seeley. There were some other stipulations not essential to be stated in order to understand the points ruled by the court in its opinion.

At the February Term, 1868, Seeley made a motion to set aside the agreement of compromise and the decree ordered pursuant thereto. This motion was supported on the one side and controverted on the other, by affidavits.

The motion was overruled, and Seeley excepted and appeals. He assigns as error the action of the court in overruling the motion.

The other necessary facts appear in the opinion.

*F. Semple* for Seeley (the appellant).

*Strong & Craig* for the plaintiff.

DILLON, Ch. J. — The only question which the court can review on this appeal is, whether, on the showing made, the District Court erred in denying the motion to set aside the compromise agreement

1. EQUITY: mistake of fact.

and decree. If evidence had been taken to establish, that the plaintiff had actual notice of the appellant's prior defective mortgage on the land, it is not in the record, and we can form no judgment respecting the merits of the controversy between the parties on this point.

The agreement sought to be set aside was entered into between the attorneys of the parties, was reduced to writing and signed. It is of course binding upon them unless there are some equitable reasons shown which would authorize the court to annul it.

The only ground urged by the appellant in his motion to vacate the agreement is, that it was entered into under a mistake of fact, the character of which will presently be stated. Any actual fraud, or any intentional misrepresentation on the part of the plaintiff's attorneys, is magnanimously disavowed by the counsel for the appellant. The appellant's motion to vacate, was based wholly upon this alleged mistake of fact, to wit, that the appellant and his attorneys in entering into the agreement to compromise, acted upon the belief that the plaintiff's mortgage was recorded at Fort Madison on the day of its date, viz., December 9th, 1859, when in fact, as afterward discovered, it was not recorded until January 10th, 1860. The appellant also insists, that this belief as to the date of the recording was superinduced by the sworn but erroneous allegations of the plaintiff's petition to this effect. On the other hand, the plaintiff insists, that the appellant's attorney was not, or ought not to have been misled by the allegation as to the time of recording, because at the time the compromise was made he saw and examined the original mortgage with the recorder's certificate of filing indorsed thereon, and because a copy of the same had been on file as an exhibit in the cause ever since the 3d day of February, 1866, and which (the recorder's indorsement being also copied) distinctly

showed, that, notwithstanding the allegation that it was recorded December 9, 1859, it was in fact not recorded until January 10, 1860.

To our minds it is plain, that the mistaken belief of the appellant's attorney as to the date when the plaintiff's mortgage was recorded is of no legal significance, since the appellant's rights are in law precisely the same whether the instrument was recorded on the 9th day of December, or not until the 10th day of January ensuing.

If this be so, it is clear that such a mistaken belief, particularly when no actual fraud is imputed to his adversary, cannot be the basis for setting aside a contract deliberately entered into by the parties.

That plaintiff's mortgage was *bona fide*, is not contested. That it was of date *prior* to the judgment under which Seeley claims, is admitted. It was recorded January, 10, 1860. Seeley's sale under the judgment did not take place until October 10, 1860 — nine months after the plaintiff's mortgage was registered.

From the time the mortgage was recorded, it became constructive notice to all the world of the plaintiff's rights thereunder. It is the settled doctrine of this court, that under our present registry laws the lien of a judgment, before sale thereunder, does not take precedence of a prior unrecorded mortgage; and that if (as in this instance) the mortgage be recorded before the sheriff's sale under the judgment, the purchaser at such sale will be affected with notice. *Norton* v. *Williams*, 9 Iowa, 528 ; *Bell* v. *Evans*, 10 id. 353 ; *Welton* v. *Tizzard*, 15 id. 495, and cases cited ; *Parker* v. *Pierce*, 16 Iowa, 227 ; *Vannice* v. *Green et al.*, id. 574 ; *Evans* v. *McGlasson*, 18 id. 151 ; *Seevers* v. *Delashmutt*, 11 id. 174.

Not controverting that such is the rule as declared by this court, the learned counsel for the appellant claims

*2. JUDGMENT LIEN : unrecorded conveyance.*

**3. —— rights of assignee.** that it should not be applied to this case, since he *purchased* the judgment prior to the time the plaintiff's mortgage was recorded.

The position is not tenable. The answer to it is, that the rights of the assignee or purchaser of such a judgment (which is a mere chose in action) are derivative merely, and can mount no higher than their source.

This point is decided against the appellant by the reasons on which the cases before cited rest, and by the other decisions of this court respecting the nature of a judgment and the rights of an assignee thereof. See *Burtis* v. *Cook & Sargent*, 16 Iowa, 194; *Isett & Brewster* v. *Lucas*, 17 id. 503; *Ballinger* v. *Tarbell*, 16 id. 491; *Hurst* v. *Sheets et al.*, 21 id. 501, 507.

From the record before it, this court is of opinion that it has not been made to appear that the District Court erred in denying the motion of the appellant, and its action is accordingly

Affirmed.