ROBINSON, *Appellant*, v. BOBB *et al.*

### Division One, May 25, 1897.

1. **Practice**: DISMISSAL OF SUIT FOR WANT OF PROSECUTION: MOTION TO REINSTATE. The facts of this case reviewed at length and the conclusion reached that the trial court did not arbitrarily exercise its discretionary powers in refusing to set aside an order dismissing plaintiff's cause of action for want of prosecution.

2. ———: ———: ———: AFFIDAVIT: FRAUD OR MISTAKE. Where a person has been induced by fraud, mistake, deceit or fraudulent representations to sign a document, even though it be an affidavit, the courts will grant relief. But it is equally well settled that courts will not relieve parties from the effects of a stipulation made under a full understanding of the facts existing at the time, nor will such stipulation be set aside on the ground of mistake where the evidence touching the mistake is doubtful and conflicting.

3. ———: ———: ———: DISCRETION OF COURT. This court will reverse on appeal the discretionary power exercised by the circuit court in refusing to set aside a judgment of dismissal and reinstate a cause for further hearing when it appears that great injustice has been done or that the court arbitrarily exercised its discretion.

*Appeal from St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*Stone & Slevin* for appellant.

(1) The action of the circuit court in overruling a motion to set aside a judgment will be reversed if it appear that injustice has been done, the court has acted arbitrarily, shown an unjudicial bias, or abused its discretionary powers. *Whitsett v. Ransom*, 79 Mo. 258; *Warner Bank v. Clement*, 58 N. H. 533; *Hamilton v. Yocum*, 108 Pa. St. 304; *Merrill v. Burns*, 66 Mo. 227; *Gilstrap v. Felts*, 50 Mo. 428; *Smith v. Wheeler*, 27 Mo. App. 16; *Weisenborn v. Newman*, 60 Cal. 376.

(2) The discretion exercised in vacating or setting aside a judgment is a legal discretion to be exercised in conformity with law. *Baily v. Taafe*, 29 Cal. 422; *Schoonmaker v. Albertson*, 51 Conn. 387; *Johnson v. Eldred*, 13 Wis. 342. (3) Upon motion to dismiss a cause a fair and reasonable opportunity ought to be granted to parties to be fully heard, and a full hearing ought to be had, in order that the court may arrive at a just conclusion. *Stencil v. Gay*, 92 N. C. 955. (4) The court sustained the motion of defendants to dismiss said cause and entered up a decree upon a stipulation made by plaintiff, although at the time said motion was presented and at the first hearing thereof, plaintiff's attorney was present at plaintiff's request, asking that said hearing be laid over or continued, to give the plaintiff and his attorneys time to investigate said matter further before any final action should be taken by the court thereon. This was undue haste and an arbitrary exercise of the power of the court—the exercise of an "unjudicial discretion."

*T. J. Rowe* for respondents.

(1) The record shows that the motion for a rehearing was not filed within four days after the judgment, but was filed thirty-five days thereafter; therefore there is nothing to review on this appeal. R. S. 1889, sec. 2243; *State v. Brooks*, 92 Mo. 591; *Allen v. Brown*, 5 Mo. 323; *Welsh v. St. Louis*, 73 Mo. 71; *Moran v. January*, 52 Mo. 523; *State v. Marshall*, 36 Mo. 400. (2) The record herein shows that plaintiff had no meritorious case against defendants, and that this action was prosecuted in the interest of persons whose names do not appear in the record, solely and only to annoy and harass defendants. "Every action shall be prosecuted in the name of the real party in interest."

R. S. 1889, sec. 1990.   (3) Neither plaintiff nor his attorneys under oath stated that plaintiff had a meritorious cause of action; nor did the attorneys say that they knew plaintiff before the institution of this suit, or that they had authority from him to institute it, or that he knew anything about it; and they did not state who authorized them to institute the suit.

ROBINSON, J.—This is a suit in equity to set aside certain conveyances of real estate in the city of St. Louis, as having been made in fraud of creditors.

The circuit court, in pursuance of a stipulation, dismissed the plaintiff's bill and rendered judgment for the defendants.   After an ineffectual motion to set aside the order of dismissal and reinstate the case, plaintiff appeals to this court and assigns as error the action of the circuit court in overruling the motion to set aside the judgment of dismissal and reinstate the case.

On December 19, 1894, the plaintiff, a resident of the State of Illinois, by his attorneys, Stone & Slevin, commenced the present suit.   The petition alleged, among other things, that Woodville Bates, in October, 1884, obtained a judgment against defendant John H. Bobb, in the probate court of the city of St. Louis, for $22,393.97; and that on the same day Lulu C. Rippey also obtained judgment against said Bobb for $1,007.17; that in pursuance of executions issued on said judgments the sheriff of the city of St. Louis levied upon certain real estate as the property of John H. Bobb, one of the defendants; and that the real estate so levied upon was purchased by the plaintiff at the sheriff's sale, and said sheriff thereupon, in pursuance and completion of said sale, duly executed, acknowledged and delivered to plaintiff a conveyance of said real estate and thereby plaintiff then and there became and is

now the owner of all the lots above described. The petition also charges that on the sixteenth day of September, 1884, defendant Bobb executed certain conveyances of said property without any consideration therefor, which plaintiff alleges were fraudulent, and which he seeks to have set aside and the title vested in him.

It will be observed that it is not alleged in the petition that the plaintiff holds the property in trust or occupies the relation of trustee in respect thereto.

The answer was a general denial. The stipulation on which the court below acted in dismissing plaintiff's bill, omitting caption and signature, is as follows:

"Now comes the plaintiff, Henry Robinson, in the above entitled cause and states that he has learned that said cause was instituted on the nineteenth day of December, 1894, without his authority, knowledge, consent, approval, or acquiesence, directly or indirectly; hence, he hereby requests the court to enter up a final judgment in bar at once in this case, in favor of all the defendants, to end forever all controversy on his part against said defendants."

It bears date January 30, 1895, is signed and verified by him.

On the fourth day of February, 1895, defendants filed said stipulation, together with their motion for judgment thereon, and on the same day gave plaintiff's attorneys, Stone & Slevin, notice that on February 6, 1895, at ten o'clock A. M., or as soon thereafter as counsel could be heard, they would apply to the court for judgment in accordance with the stipulation.

The motion came up for hearing before Judge Klein on February 7, 1895, Elijah F. Stone, of counsel for plaintiff, appearing in opposition thereto, asked the court to continue the hearing until he could have an opportunity to confer further with the plaintiff and

investigate the matter, stating, in substance, that he was authorized by Charles Bobb to bring this suit in the name of the plaintiff; that a letter had been written to plaintiff to permit suit to be brought in his name but plaintiff had declined to do so; that he had seen the plaintiff on the morning of the day the motion was set for hearing, for the first time since the motion was filed and that a meeting between plaintiff and his counsel had been arranged for 3 o'clock in the afternoon of that day at the office of Col. MacDonald, to complete negotiations to permit the suit to be conducted in plaintiff's name. The court refused to postpone the hearing, sustained the defendant's motion, and entered judgment accordingly.

On March 14 following, plaintiff filed a motion to set aside the judgment of dismissal and reinstate the case, on the ground "that the stipulation upon which the judgment was based was made by plaintiff without being fully informed as to the facts in the matter, and under a misapprehension and mistake as to the nature of the case; and that the judgment, if allowed to stand, would bar any other proceedings on the part of the plaintiff against defendants touching the property in controversy, to the damage of the parties for whom plaintiff holds the title in trust." In support of this motion plaintiff filed the following affidavit:

"Now comes the plaintiff, Henry Robinson, in the above entitled cause, and states that when he made the affidavit, embodied in the motion heretofore filed in this cause, sworn to by him on the thirtieth day of January, 1895, before Frank R. Dillman, notary public, and wherein it was stated by him, that the above suit 'was instituted on the nineteenth day of December, 1894, without his authority, knowledge, consent, approval or acquiescence, directly or 'indirectly,' and wherein he requested the court to enter up a final

judgment in bar at once in this cause in favor of all the defendants, he was not properly informed regarding the facts in the matter and that said affidavit was made under a misapprehension and without due consideration on his part, and remembering the fact that the same suit and cause of action had been brought in his name before, and about the same property, and thinking that the same matter had been fully settled up in said former suits, and believing that his connection had terminated with the other suits, and that this suit was in nowise connected with the said former suits; and that now being informed of the real nature of the suit, and that he bears the same relation to the said property, in the petition described, as he sustained before, he now desires to hereby correct the mistake he has made in making said affidavit and have said cause of action reinstated in order that the merits of the same may be determined, and the matter fully adjudicated as the parties interested may desire, and that all matters between said parties concerning said property may be satisfactorily settled; that being now fully informed he states that the above suit was properly instituted in his name, and that if he had been properly informed and his memory had served him correctly at the time he made said affidavit he would have not done so, and he now desires to correct and withdraw the same; that he was requested and induced to execute said affidavit at Venice, Illinois, by John H. Bobb, and without having advised with counsel concerning same, or without knowing or having been informed that said John H. Bobb was one of defendants in said cause; that he holds the title to said property in fee, yet in truth and reality the same is held by him in trust and he desires to do his duty as such trustee and in the interest of his *cestui que trust*, and that he has no further interest in said suit than that of trustee."

Nothing is stated in the supporting affidavit as to the names or identity of the parties for whom plaintiff claims to be acting as trustee, nor is it averred that he had a good and meritorious cause of action.

The record discloses that this is the third suit instituted by plaintiff for the same identical cause of action against the same defendants.

The first suit of the series was commenced in the United States Circuit Court for the Eastern District of Missouri on the first day of May, 1886, Michael and James Kinealy appearing as attorneys for the plaintiff. The petition, which was verified by plaintiff, alleged that he was the owner of the real estate described in his petition. There, as here, nothing was stated in the petition as to plaintiff's being a trustee. On the eighteenth of March, 1891, plaintiff's bill was, by the Hon. Amos Thayer, judge of said court, dismissed. On April 1, 1891, James R. Kinealy, as solicitor for plaintiff, filed a motion in the latter court to set aside the judgment of dismissal, and in support of same, among others, the affidavit of plaintiff, made on the tenth of April, 1891, as follows: "Henry Robinson, being duly sworn, on his oath says that he is the plaintiff in the above entitled cause and now himself owns all the interest in the property described in the bill of complaint    *    *    *    in the manner therein set forth    *    *    *    and affiant says that if this suit is reinstated he is prepared to prosecute same vigorously to a final decree." This motion was overruled by Judge Thayer, April 16, 1891.

Thereafter on the twelfth day of May, 1891, the plaintiff, through his attorneys, Michael and James R. Kinealy, commenced another suit against John H. Bobb et al., in the circuit court in the city of St. Louis for the same cause of action, alleging in his petition "and is now the owner of all the lots of land above

described.'' Nothing is there said about his being a trustee. On October 10, 1892, Judge Dillon dismissed the case for want of prosecution. On October 13, 1892, Stone & Slevin appeared for the first time as attorneys for plaintiff and filed a motion to set aside the judgment of dismissal entered therein on the tenth of October, 1892, and presented in support of their motion the affidavit of Philip M. Manning, son-in-law of Charles Bobb, in which he states ''that he is and was on eleventh day of October, 1892, the 'assignee of the claim and owner of all the rights of the plaintiff in the above entitled cause against defendants;     *     *     * that should said cause be reinstated and set down for trial he will ask this court's permission to amend said petition by inserting his name as plaintiff and as the real party in interest in said cause.''

Elijah F. Stone appeared as counsel for plaintiff on the hearing of the motion to set aside the order of dismissal.

Manning was called as a witness for the defendants, in opposition to the motion, and testified in presence of his counsel and the court that he did not know the plaintiff; that he (Manning) acquired an interest in the property in September, 1891, and had the proper transfer in writing; that he turned his papers over to Stone & Slevin when they took charge of the case in October, 1892. The defendants also read in evidence the deposition of the plaintiff, taken at Carlyle, Illinois, on July 8, 1892, wherein he testified:

''Q. Have you any interest in this property or the tract to which it belongs? A. Not now.  *  *  *

''Q. You have no interest in this property now, have you? A. No, sir; not that I know of. * * *

''Q. You have retained no attorney yourself, have you? A. No, sir.''

On the nineteenth of November, 1892, the learned circuit judge overruled his motion to set aside the judgment of dismissal.

At the hearing of the plaintiff's motion, in the case at bar, in the court below, before Judge Klein, the defendants, in opposition, read in evidence all the above mentioned motions, affidavits, depositions and other proceedings in the case of *Robinson v. Bobb et al.* in the United States circuit court, and in case number 85286 in the circuit court of the city of St. Louis, together with plaintiff's deposition taken January 30, 1895, and the affidavit of John H. Bobb, one of the defendants.

The affidavit of John H. Bobb reads:

"He never saw said Robinson to his knowledge until he saw him on the eighth day of July, 1892, in the court house in Carlyle, Illinois, when he (Robinson) appeared to give his deposition hereinbefore mentioned; that he never spoke to him until in the morning of January 30, 1895, at Venice, Illinois, and only a short time previous to his signing the stipulations in this cause, No. 98832, with his affidavit dated January 30, 1895, attached thereto and filed in this case of February 4th, 1895; that said Robinson was present at said time and heard him give his name as John H. Bobb to Frank K. Dillman, notary public, whose name is attached to the jurat following said stipulation. This affiant says he exhibited to said Robinson prior to the signing of said stipulation a copy of the petition herein signed by Stone & Slevin as his (Robinson's) attorneys, and showed him that the suit was filed on the 19th day of December, 1894; that shortly afterward and on the same morning he met said Robinson in the railway depot at Venice and said Robinson informed him that Charles Bobb had written him a letter in the early part of December previous, requesting the use of

his name in this last suit; that he replied by declining and saying that he had enough trouble about the matter already; that afterward and about the middle of the same month he received another letter from Charles Bobb again requesting the use of his name in this suit and offering to hold him harmless as to all costs and he again answered declining; that he asked Robinson to let him see the letters from Charles Bobb; that Robinson answered that he was then sorry he had destroyed them."

In plaintiff's deposition taken at Venice, Illinois, on the thirtieth of January, 1895, he testified as follows:

"*Q.* Did you know Levi L. Ashbrook during his life? *A.* Yes.

"*Q.* He died in the early part of 1892, did he not? *A.* I so understand he did.

"*Q.* You are the person, are you not, that a suit was brought in your name, in the United States circuit court, in the city of St. Louis, Missouri, in the month of May, 1886, against John H. Bobb and others, involving property in said city of St. Louis, situated on the east and west side of Eighth street, between Market and Walnut streets, in city blocks 185 and 189, and being more fully and particularly described in your petition in said suit? *A.* Yes, sir.

"*Q.* After the dismissal of said suit of yours in said United States court, in the year 1891, you brought another suit in the same year, in the Missouri State circuit court, in the city of St. Louis, against John H. Bobb and others, involving all of the same property, did you not? *A.* Yes, to the best of my knowledge.

"*Q.* That suit was also dismissed by the court in the month of October, 1892, was it not? *A.* Yes, it was dismissed in 1892, but have forgotten the month.

"*Q.* Were not one of the reasons why the court refused to reinstate said suit after dismissal because you had sworn in the deposition at Carlyle, Illinois, in July, 1892, that you no longer had any interest in the property described in said suit, or any part thereof? *A.* I presume that is so.

"*Q.* Do you now claim any interest in said property mentioned in said suit or any part of same? *A.* Not any.

"*Q.* Have you had any claim whatsoever against said property or interest therein in the same, or any portion of it, since you swore you had not in your deposition taken in the court house in Carlyle, Illinois, in the month of July, 1892, by notary Murray? *A.* Not any.

"*Q.* You have had no agent or agents or attorney or attorneys or other representative or representatives, in St. Louis or elsewhere to represent you in any capacity in reference to said property or any portion thereof since Levi L. Ashbrook died in the year 1892, have you? *A.* Not any.

"*Q.* You authorized no suit directly or indirectly to be brought against John H. Bobb and others in your name last month in the circuit court of the city of St. Louis, Missouri, involving said property, did you? *A.* No.

"*Q.* Who is now or was your attorney or attorneys in the city of St. Louis, Missouri, in 1894, as to any of your real estate interests in said city of St. Louis, that is, if you had any real estate interests at all in St. Louis in 1894? *A.* Had no real estate interests in 1894, hence I had no attorney or attorneys in reference thereto.

"*Q.* Do you know a law firm in said city of St. Louis by the name of Stone & Slevin, composed of Elijah F. Stone and Eugene C. Slevin, or either member of said firm? *A.* No, I don't know or remember them.

"*Q.* You did not employ said firm of Stone & Slevin, or either member thereof, directly or indirectly, to bring any suit in your name last month nor at any other time, against John H. Bobb and others, involving said property on Eighth street or any portion of same, did you? *A.* No, sir.

"*Q.* If said firm of Stone & Slevin, or either member of it, brought any suit in your name in the month of December, 1894, against John H. Bobb and others, involving said property or any part of it, it was done without any authority from you whatever, was it not? *A.* Yes, sir."

It is insisted by plaintiff that the stipulation, upon which the case was dismissed, was made under a misapprehension and without due consideration on his part, supposing that the same matter had been settled in former suits, and believing his connection therewith had terminated with the other suits and that this proceeding was in nowise connected with those cases. While it is true that the authorities recognize the proposition that if a party is induced by mistake, fraud, or deceit to sign a document, he can be relieved from his obligation; on the other hand the rule is equally well settled that the court will not relieve parties from the effects of a stipulation made under a full understanding of the facts existing at the time, nor will such stipulation be set aside on the ground of mistake, where the evidence touching the mistake is doubtful and conflicting (*Charles v. Miller*, 36 Ala. 141), or where entered into by one party under a mistake touching a fact which did not change the legal rights of the parties (*Chapman v. Coats*, 26 Iowa, 288). But, by analogy to the relief of parties from contracts entered into under a mutual mistake of facts, the court will relieve against a stipulation made under such a mistake.

The controlling question here is whether the viti-

ating element alluded to was proven in this case. In the light of this record it can not be said that the stipulation to dismiss was made under a mistake or misapprehension of the nature of the action. It appears from the uncontradicted affidavit of the defendant, John H. Bobb, that before the stipulation was signed he exhibited a copy of the petition herein to plaintiff and showed him that this suit had been commenced on the tenth of December, 1894; and that shortly afterward, during the same day, in the course of a conversation with plaintiff touching the matter, plaintiff stated to and informed him that Charles Bobb had written plaintiff a letter in the early part of December requesting the use of his name in this very identical case, but that he had absolutely refused to have anything to do with the matter; and that later on during the month of December and notwithstanding his former refusal he received another letter from Charles Bobb urging the use of his name in this case and offering to hold him harmless as to costs, but as before, he answered declining. It must be remembered that John H. Bobb made no misrepresentations as to any material fact; resorted to no trick to mislead or entrap plaintiff into signing such stipulation. The plaintiff is manifestly not an illiterate man, nor does he labor under any disability or infirmity, so far as it appears. On the contrary, the record shows him to be accustomed to making contracts and managing important business concerns, and of understanding well and thoroughly what he says and does generally. The most that can be said is that John H. Bobb did not affirmatively inform plaintiff, at the time the stipulation was entered into, that he was one of the defendants in the case.

With all the apparent effort that is now being made to have this cause reinstated and kept in court,

no one has volunteered an affidavit that the plaintiff has a meritorious cause of action, either in behalf of himself or others for whom it now appears he acts as trustee; nor is the name of the real parties in interest anywhere disclosed, nor the nature and character of their interest made known, unless we consider the affidavit and statement of Phillip M. Manning, introduced by defendant on the present motion, that had been offered two years and more previously by plaintiff's attorney when this identical cause of action as to parties and subject-matter was sought to be reinstated after its dismissal then, as now, by the court before whom it had been instituted; and by that affidavit and statement the said Manning is shown to be the sole and only party in interest, as the owner by transfer and assignment of all the plaintiff's interest in the property. While there is no doubt of the authority invoked herein by the appellant that this court can reverse on appeal the discretionary power exercised by the circuit court in refusing to set aside its judgment of dismissal and reinstate a cause for further hearing, if it appears that great injustice has been done, or that the court had arbitrarily exercised its discretion, we are unwilling to say that we would not have acted as did the circuit court under the circumstances of the case, or that its discretion was arbitrarily exercised. The cases relied on by appellant are not in point, and can not possibly have any bearing on the question in judgment here. The judgment of dismissal by the circuit court will be affirmed. BARCLAY, C. J., MACFARLANE and BRACE, JJ., concur.