HOY v. ALLEN *et al.*

Judgment lien: UNRECORDED DEED. An unrecorded deed will take preference over a judgment or attachment lien; nor is the case varied by the fact that the deed is without a proper acknowledgment.

*Appeal from Jackson District Court.*

WEDNESDAY, JUNE 9.

ALLEN commenced his action at law, against Hoy, claiming the recovery of the land in controversy. Hoy thereupon filed his petition in equity, showing his equiable title — asking to set aside that held by Allen, to restrain the trial of the law action until, etc. After issue duly joined in both cases, they were heard together, by consent, upon testimony taken before a commissioner appointed for that purpose. Judgment entered in plaintiff's (Hoy's) favor; defendants (Allen and his grantor Cole) appealed.

*W. E. Leffingwell* for the appellants.

*W. A. Maginnis* for the appellee.

WRIGHT, J. — Both parties claim under one Whitlock. Cole commenced his action at law by attachment against Whitlock, seized the land in controversy thereunder as the property of the debtor, and recovered a judgment in April, 1854. The attachment was levied September 23, 1853, and the land sold to Cole, under an execution upon said judgment, August 19, 1854, for which he obtained a sheriff's deed in September, 1855. Cole conveyed by quit-claim to Allen, in November, 1866.

In April, 1852, Whitlock conveyed the land to Harriet Jackson, who departed this life in May following, leaving, as is claimed, as her only heir, Henry J. Jackson, and through whom, by several mesne conveyances, Hoy claims title.

It will thus be seen that, when the attachment in favor of Cole and against Whitlock was levied, the title was no longer in Whitlock, but had passed to Harriet Jackson, and was in fact in her son and heir, Henry J. Jackson. That this would be fatal to Allen's claim or title is scarcely controverted, but for the fact that it is insisted that the deed of April, 1852, to Mrs. Jackson from Whitlock was not well acknowledged — and hence not so recorded as to impart constructive notice of its contents. That it was defectively acknowledged is conceded, but it is claimed that Cole, before judgment, and hence, of course, before his purchase thereunder, had actual notice of the title in Jackson, and this being so, it is claimed that he took title subject to such prior conveyance. In other words, it is insisted that, though the attachment was levied before notice of the deed — yet there was notice before judgment — before the purchase under execution certainly — and that Cole was hence a purchaser with notice, and acquired no title as against those under whom Hoy claims. And if the fact is so, then the law is with the appellee. This was settled as early as 1859. *Norton et al.* v. *Williams*, 9 Iowa, 529, and has been since repeatedly followed; see *Churchill* v. *Morse*, 23 id. 229, where the cases are collated.

As to the fact, we are agreed in holding that Cole, before he obtained his judgment, had actual notice of the conveyance to Harriet Jackson, of her death, and of title in the son and heir. The deed was quite sufficient to pass the title from Whitlock without acknowledgment, and whether of record or not, and when Cole has *actual*

*notice* it was just as effectual, as to any title he might afterward acquire, as though the acknowledgment and recording had been in the strictest conformity with the law. How this actual notice was imparted we will not discuss, for this would involve facts, and not the law. We find the *facts* as stated. The law as we have already announced.

As to Allen, it is very clear that he purchased with like notice, and for this and other reasons he occupies no better position than his grantor. He holds by quit-claim, has paid no part of the purchase-money, knew nothing of the land before purchasing, was in Cole's employ, purchased at the grantor's solicitation and — we cannot escape the conviction — to aid him in complicating the title, and then, perhaps, in securing the land.

The judgment below was right.

Affirmed.