ARNOLD v. THE RIVER R. R. CONSTRUCTION Co.

Contract: PERFORMANCE OF PRECEDENT CONDITIONS. When the plaintiffs, under a contract for the construction of a railroad for the defendant, agreed to collect and receive in part payment a certain sum from a township tax voted by the people of the township, or from certain subscriptions to stock that had been made, it was *held*, that to entitle the plaintiffs to recover, they must show proper effort and diligence on their part to collect either from the subscription or tax, or some excuse for not so doing.

*Appeal from Dubuque District Court.*

WEDNESDAY, SEPTEMBER 18.

THIS action is brought to recover money alleged to be due the plaintiffs on a written contract, dated November 5, 1870, by which the plaintiffs agreed to " construct the road-bed of the Dubuque, Bellevue and Mississippi Railway, from and including section two (2) to and including section five (5), in accordance with specifications " referred to in the contract. Defendant on its part agrees, " in consideration of the agreement of plaintiffs," to pay certain prices referred to for the work to be done, payment to be made monthly on the tenth day of each month, less ten per cent to be reserved until completion of the work. The contract further provides that " Said parties of the first part (the plaintiffs) agree to collect either from the stock subscriptions at Bellevue, or the township tax voted at Bellevue, the sum of $5,000 to be applied in part payment of this contract."

The plaintiffs aver that defendant prevented them from collecting from the stock subscriptions the $5,000, mentioned in the agreement, etc., and they aver that they have been unable to collect said sum or any part thereof from the township tax voted at Bellevue because, as they allege,

the tax was not legally voted, and that the law did not allow them to collect the same.

The answer puts in issue the material allegations of the petition.

The cause was tried to a jury, and under the instructions of the court a verdict was returned for defendant. Judgment was rendered thereon, and plaintiffs appeal.

*Griffith & Knight* for the appellants.

*Shubael P. Adams* and *Shiras, VanDuzee & Henderson* for the appellee.

MILLER, J. — Several errors are assigned, but one only is urged in argument, viz., that the court erred in giving the second instruction asked by defendant, which is as follows:

"2. The second question arises on the construction of the contract between the parties relative to the $5,000, to be collected by plaintiffs from the stock subscriptions and tax voted at Bellevue. Under this contract you are instructed that defendants are entitled to a credit of $5,000, upon the work done, and it having been admitted by the parties that plaintiffs have received all due them upon the contract, provided defendant is entitled to the credit of $5,000, which the court instructs you to allow defendant, it follows that upon this question you must find for defendant."

We think there is no error in this instruction to the prejudice of plaintiffs under the circumstances of the case. The plain and obvious meaning of the contract is, that plaintiffs were to receive payment for the work to be done, to the extent of $5,000, from the stock subscriptions or the tax voted in aid of the railroad upon which the work was to be performed, and that they agreed to collect and apply the amount themselves. They had a right to resort to either or both of these funds for the purpose of collecting and applying the sum of $5,000 in payment of work done

by them under the contract, and they expressly agreed to do this. This sum then stands as a credit in favor of defendant until plaintiffs shall make some effort to perform his part of their agreement — to collect and apply the amount of $5,000 of the stock subscriptions, or of the tax voted in aid of the enterprise. There was no evidence offered by plaintiffs to show that at any time they made any effort to collect this money, or that the defendant in any manner prevented its collection by them. The evidence shows that the tax and stock subscriptions had been assigned by the railroad company entitled thereto to the defendant, as part consideration for the construction of the road, but it is not shown that plaintiffs ever demanded or requested of defendant a transfer of either the subscriptions or tax, in order to enable them to collect the amount they were entitled to under the contract, nor is there any evidence tending to show that appellants did any thing, or took any steps whatever to collect and apply this money. So far as the record shows, appellants entirely failed to make any effort to perform their agreement in this respect.

It is insisted, however, that the court erred in excluding evidence offered by plaintiffs, for the purpose of showing that, by the exercise of due diligence to collect, they would have been unable to do so. This evidence was a transcript of a judgment rendered by the district court of Jackson county, enjoining the collection of the tax voted in aid of this road, at the suit of Morris R. Brown and others against the county treasurer and township collector.

There was no error in the exclusion of this evidence. Neither the plaintiffs, the defendant nor the railroad company were parties to that proceeding, and therefore not bound thereby.

Affirmed.

Since the foregoing opinion was filed, appellants have filed a petition for a rehearing, in which it is claimed that

we were mistaken in assuming that " there was no evidence offered by plaintiffs to show that at any time they made any effort to collect this money; or that the defendant in any manner prevented its collection by them; " and appellant quotes what he marks as an extract from a bill of exceptions, to show that there was other evidence which is not given in the record. No such extract is contained in the bill of exceptions printed and furnished in the abstract submitted to us. If, however, such were the fact, it would but show a mere inaccuracy in the form of the expression used in the opinion. It would have been more accurate to say that the record contains no evidence that plaintiffs at any time made any effort to collect the $5,000, which they agreed to collect and apply in part payment of the work done by them. And while the instruction was technically erroneous in saying to the jury that under the contract the defendants were entitled to a credit of $5,000, without any qualification; yet, as we have held in the above opinion, this sum stands as a credit in favor of the defendant, under the contract, unless plaintiffs shall show that they have made proper efforts to collect it and have failed in so doing, or show that they have been hindered therefrom by some act of the defendant. The record fails to show either of these facts, and hence the error was without prejudice, for we will not presume that there was such evidence, when it does not appear in the record, in order to establish error in the instruction, to the prejudice of appellant. He complains of error to his prejudice and he should make it affirmatively appear. The petition for rehearing is overruled, and the judgment stands

Affirmed.