McBride v. Harn.

---

McBRIDE v. HARN ET AL.

48  151
118  471

1. **Attachment:** LIEN: FOREIGN JUDGMENT. By the levy of an attachment a party acquires a lien on real estate of which he cannot be divested without his voluntary act or day in court, and such lien will not be affected by a decree subsequently rendered in a court of another State, in a proceeding to which the attachment plaintiff is not made a party.

*Appeal from Hardin District Court.*

TUESDAY, APRIL 16.

THE plaintiff commenced in the Hardin District Court an action at law against the defendant, Geo. W. Harn, to re-

cover damages for an alleged breach of contract. An attachment was issued therein, and certain lands were attached as the property of said defendant.

The intervener filed in said action a petition of intervention, in which she claimed the said land belonged to her, and asked that her rights thereto be adjudicated. The plaintiff answered said petition, substantially denying the several allegations therein. The defendant, Geo. W. Harn, failed to appear in the main action, and judgment was rendered therein against him, and the cause continued for the purpose of determining the issue between the plaintiff and intervener. Such issue was by the court below found for the plaintiff, and it was adjudged he had a lien on the attached property, from the time it had been attached, and the same was ordered to be sold. The intervener appeals.

*Porter & Moir*, for appellant.

*T. Brown* and *Huff & Reed*, for appellee.

SEEVERS, J.—It is exceedingly doubtful whether there can be a trial *de novo* in this court, but as the cause can be satisfactorily disposed of by so regarding it, we shall so hold.

The undisputed facts are that George W. Harn, the defendant's ancestor, was the owner of the legal title of record to the lands in controversy. He died, leaving the defendant, his brother, and their mother his sole heirs at law. As such heir, the defendant was the owner of the undivided one-third of said lands on the 23d day of October, 1874, when they were duly and legally attached as his property. Notice of the pendency of the action in which the attachment was issued, however, was not served on him until January 1, 1875, in the State of Ohio.

On the 21st day of November, 1874, the intervener commenced an action in the court of common pleas for Wayne county, Ohio, against the defendant and his brother, in which she alleged the lands in controversy were purchased by

her deceased husband with her money, and the title taken in his name in trust for her, and that the lands descended to the defendant and his brother charged with a like trust, and she asked that they, by the decree of said court, be required to convey to her. Such a decree was entered by the Ohio court on the 14th day of January, 1875. To this action the plaintiff was not made a party.

The court below rendered judgment against the defendant, and therefrom he has not appealed.

The appeal of the intervener brings before us the single question whether the judgment of the court below, determining that plaintiff has a valid and subsisting lien on the property in controversy from the time the same was attached, is correct, or whether, as between the plaintiff and intervener, the latter is the owner of the property. The intervener insists:

I. That as plaintiff's action was *in rem* in which he sought to subject the lands to the payment of his judgment as the property of the defendant, and as the intervener claimed to own said lands, no judgment should have been rendered against the defendant before the cause was ready for disposition as to the intervener. In support of this proposition *Pierson v. David*, 4 Iowa, 410, and *Curtis v. Smith*, 42 Iowa, 665, are cited. The cases cited were of an equitable character, while the plaintiff's action was of a purely legal nature, and the action of the court, in rendering judgment against the defendant, in no manner prejudiced the intervener.

Besides this, we are unable to find any objection was made in the court below to its action. Certainly no exceptions were taken to such action, and it cannot be raised for the first time here.

II. That the court erred in holding that the attachment created a lien on the property in controversy as against the intervener. As the defendant was the owner of the legal title at the time the attachment was levied, the burden of proof was cast on the intervener, and it was for her to show to the satisfaction of the court

1. ATTACH-
MENT: lien:
foreign judg-
ment.

that she, in fact, owned the property. For this purpose she introduced in evidence the decree of the Ohio court. Between her and the defendant such decree constituted ample proof that she was such owner, and between them it has the same force and effect as in the State of Ohio.

The plaintiff, by the levy of the attachment, had a lien on the property if it belonged to the defendant, or on any interest he had therein. It was entirely competent for the intervener to show he had no such interest. But the lien of the plaintiff was a vested right or interest, of which he could not be divested without his voluntary act, or having his day in court. This he never has had, so far as the Ohio decree is concerned. If it constituted any evidence against him, it was conclusive, and no amount of proof he could introduce contradictory thereto would be of avail. The Ohio decree, if introduced as evidence in the courts of that State against the plaintiff, would have no more force and effect than so much blank paper.

Unquestionably the plaintiff, by the levy of the attachment, obtained nothing, unless the defendant had an interest in the property attached. This is not disputed. But the point is, has it been so established?

The Ohio decree has not as against the plaintiff even a tendency in this direction. If the evidence before the Ohio court had been introduced below, and the plaintiff had been unable to offer any evidence contradictory thereto, it is exceedingly probable the decision of the court below would have been in accord therewith. The plaintiff's right to cross-examine the witnesses of the intervener, and object to the admission of improper evidence, was full, perfect, and complete, and he cannot, without his consent, be deprived of such right.

There was no other evidence introduced tending to prove the intervener's ownership, except the declarations of the defendant. These, it is claimed, were made to the plaintiff and others. As to the latter, there was nothing to show the plaintiff had any knowledge thereof until after the levy of the

attachment. Be this, however, as it may, titles to real property cannot be established in that way. If what is claimed by the intevener had been established in a legal and competent manner, her right is better than that of the plaintiff, and notice to him before the levy of the attachment was not required to protect such right. The whole trouble with the intervener was, in a nutshell, that there has been a failure of proof on her part.

Many authorities have been cited by counsel. We deem it unnecessary, however, to refer to them. The principles which underlie this cause are elementary and well understood.

AFFIRMED.