Hiles vs. Atlee and another.

Hiles, Appellant, vs. Atlee and another, Respondents.

*September 15 — September 29, 1891.*

*Evidence: Records of conveyances.*

The records of conveyances of land (including tax deeds) are not admissible in evidence unless the names of the grantors were entered in alphabetical order in a general index, as prescribed in sec. 759, R. S.

APPEAL from the Circuit Court for *Wood* County.

This is an action of ejectment to recover eighty acres of land described, brought by one claiming under tax titles. The complaint is in the usual form. The answer consists of a general denial, and pleads the statutes of limitation to the plaintiff's tax deeds.

On the trial the plaintiff offered in evidence, and the same were received under objection, the following documents, to wit: A resolution passed by the board of supervisors, November 10, 1869, authorizing and empowering the clerk of the board to sell and convey any and all lands which the county then had or might thereafter acquire by tax deeds, and to deliver to the purchaser a deed of release and quitclaim, sealed with the corporate seal of the county; also a record of a tax deed from the county and state to Wood county, dated October 5, 1870, for the tax sale for the year 1867, and recorded the same day; also a record of

a quitclaim deed from the county to Thomas Weston, J. T. Kingston, and E. S. Miner, dated January 15, 1872, and recorded on that day; also the record of sales of the land for taxes for the years 1867 to 1870, inclusive; also the record of a tax deed from the county and state to said Weston, Kingston, and Miner, dated January 7, 1874, and recorded January 10, 1874, based on a sale of September 6, 1870; also a certified copy of the will of the said Thomas Weston, admitted to probate, whereby he devised said lands to his wife, Elizabeth Weston; also a tract index including said lands, showing the description, the section, the letter or number of the volume, the class of the record, and the page; also a grantee index, arranged alphabetically with reference to the names of the grantees in the deed, and not with reference to the grantors; and also testimony showing that there was no grantor index during the periods in question under the head of "W.;" also a deed from J. T. Kingston and wife, E. S. Miner and wife, and Elizabeth Weston to the plaintiff, dated October 10, 1888, and recorded October 18, 1888. The court rejected the quitclaim deed of January 15, 1872, and the tax deed of January 7, 1874, and thereupon directed a nonsuit, and from the judgment entered thereon the plaintiff appeals.

The cause was submitted for the appellant on the brief of *Geo. L. Williams*, attorney, and *C. O. Baker*, of counsel, and for the respondents on that of *Losey & Woodward*, attorneys, and *Gardner & Gaynor*, of counsel.

CASSODAY, J.    It is in effect conceded that the defendants were in possession of the premises during the times in question. The plaintiff claims title and the right to the possession of the land under and by virtue of the record evidence of the two tax deeds and the other conveyances and transfers mentioned in the foregoing statement.

We are forced to the conclusion that the record of the

quitclaim deed from the county to Weston, Kingston, and Miner, dated January 15, 1872, and the record of the tax deed from the state and county to the same persons, dated January 7, 1874, were properly rejected by the learned trial court. The statute in force at the times mentioned, and now, is to the effect that each register of deeds shall keep a general index, each page of which shall be divided into nine columns, with heads to the respective columns, as therein mentioned, the third of which is the "name of the grantor," the fourth the name of the grantee, the fifth the description of the land, the sixth the nature of the instrument, and the seventh the book and page where recorded; and expressly requires that such register "shall make correct entries in said index of every instrument or writing received by him for record, under the respective and appropriate heads, *entering the names of the grantors in alphabetical order*," etc. Sec. 759, R. S. Such entries operate as constructive notice of all the facts therein contained. *International L. Ins. Co. v. Scales,* 27 Wis. 640; *Pringle v. Dunn,* 37 Wis. 449; *Maxwell v. Hartmann,* 50 Wis. 667.

The manifest purpose of requiring the names of the grantors to be thus entered in the general index in alphabetical order was to enable persons interested in the title to the land to ascertain by an inspection thereof whether the owner had parted with or been deprived of the title thereof. The name of the owner would be generally known, or could be easily ascertained, and then whether he had transferred or incumbered his title could be readily determined by an inspection of such index when properly kept. So by such inspection it could be readily ascertained whether the county had conveyed or attempted to convey the same for the nonpayment of taxes or otherwise.

In respect to the two deeds mentioned, the names of the grantors were never entered in alphabetical order in such general index. On the contrary, the only entries in such

alphabetical order were the names of grantees. It is very clear that such entries could be of no service or notice to any one, since no one could be expected to conjecture who might happen to be a grantee in a tax deed or any other deed. Such should certainly be the rule in respect to tax deeds by which the original owner is divested of his title by proceedings purely statutory, and which, to be available, must be strictly pursued. *Potts v. Cooley,* 51 Wis. 355; *Ramsay v. Hommel,* 68 Wis. 15; *Hiles v. Cate,* 75 Wis. 101. It is to be remembered that a tax title claimant cannot maintain ejectment until his tax deed is recorded, and that it cannot be considered as recorded until the proper entries of at least the essentials are made in the general index. *Hewitt v. Week,* 59 Wis. 444; *Lander v. Bromley,* 79 Wis. 372; *Cornell University v. Mead, post,* p. 387.

It follows that the nonsuit was properly granted.

*By the Court.*— The judgment of the circuit court is affirmed.