JOHN KOCH v. GEORGE WEST, Appellant.

Action to Quiet Title:    ALLEGATIONS OF TITLE:    PROOF OF.    In an action to quiet title, the plaintiff must prove title to the land as alleged in his petition.

Evidence of Title:    FAILURE OF.    Evidence examined and found insufficient to prove title as alleged.

Notary Seal:    FAILURE TO AFFIX.    Where a notary fails to affix his seal to the certificate of acknowledgment of an instrument, the same is not entitled to record.

Deed:    INDEXING OF:    CONSTRUCTIVE NOTICE.    A deed which is not indexed does not afford constructive notice and a purchaser is not affected thereby.

Defective Acknowledgment: CURATIVE ACT. Chapter 24, Acts 24th General Assembly does not cure defect in acknowledgment where the rights of the parties are vested.

Consideration: JUDICIAL SALE: GOOD FAITH. Inadequacy of consideration where the purchase is at a judicial sale in no manner affects the good faith of the purchaser.

*Appeal from Lee District Court.*—HON. HENRY BANK, JR., Judge.

WEDNESDAY, DECEMBER 17, 1902.

THIS is an equitable action to quiet title. The land involved in the controversy is the S. E. ¼ of the N. E. ¼ of section 10, township 67, range 5, Lee county, Iowa. The petition alleges ownership in fee in the plaintiff, through a chain of title descending from Phœbe and John Shefler. The land was formerly owned by James Bullard, who conveyed the same to Phœbe Shefler in 1874. In 1877 Phœbe Shefler and John Shefler exchanged this land for land owned by Joseph Schulty, and deeded the same to him. A few days after this exchange and transfer, Joseph Schulty and wife conveyed it to their son Joseph R. The Schultys afterwards became dissatisfied with their trade and with the land, and it was mutually agreed that there should be an exchange back, and that each party should make conveyance of the land received. In accordance with this agreement, Phœbe Shefler and her husband reconveyed the land which Phœbe had received in exchange for the land in controversy, and on July 13, 1878, Joseph R. Schulty, in whom the title to this land then stood, conveyed the same to John Shefler, the husband of Phœbe Shefler. This deed was duly recorded. In September, 1882, John Shefler conveyed the same land to his wife, Phœbe Shefler, and this deed was recorded. The acknowledgment was before a notary public, but the record does not show that his seal was ever attached in any way to

the deed, or that the deed was ever indexed in the recorder's office. On the 20th of March, 1883, Nichols, Sheppard & Co. secured a judgment against John Shefler in the circuit court of Lee county. February 2, 1884, Phœbe Sheflei and John Shefler, her husband, conveyed the land to Noah Huett, through whom plaintiff claims. A general execution was issued on the Nichols, Sheppard & Co. judgment against John Shefler on the 29th day of September, 1891, which was levied on the property in controversy, and under which it was sold to Henry Versteeg on the 31st day of October following, and a certificate of sale duly issued to him, which was afterwards assigned to the defendant herein, George West, who on the 11th day of December, 1892, received a sheriff's deed for the land, under which deed he now claims. There was a judgment for the plaintiff as prayed, and the defendant appeals.—*Reversed.*

*J. F. Smith* for appellant.

*Casey & Stewart* and *W. E. Blake* for appellee.

SHERWIN, J.—The relief asked by the plaintiff, Koch, is based on the ground that he is the owner of the fee title of the land in controversy. The allegations of his petition must therefore be proven, and, if he has failed in this respect, he is not entitled to judgment. *Costello v. Burke,* 63 Iowa, 361.

1. ALLEGATIONS of title: proof of.

II. We think there is evidence tending to prove that Noah Huett, the grantee of Phœbe and John Shefler, died intestate sometime in 1885, seised of the land in question. On the 27th day of May, 1887, a decree was entered in partition proceedings in the district court of Lee county which adjudged that Noah Huett died seised of this land, and which determined who his heirs were, and their interest in his estate, and ordered the land sold to make partition thereof, except the one-third interest of Mary Huett, his widow. Referees were

2. EVIDENCE of title: failure of.

named therein, who seem to have acted, and who reported that they had sold the southeast one-fourth of the northeast one-fourth of section ten to the plaintiff Koch. The decree shows the approval of their report and sale to Koch, and they were therein authorized to convey the same to him, which they afterwards did. This defendant was not a party to the partition proceeding, and is not bound by the decree therein rendered. *Arnold v. Construction Co.*, 35 Iowa, 99. And if it stood alone as evidence of the death of Huett, and as to his heirs, it would clearly be insufficient to support this link in the plaintiff's chain of title. *Costello v. Burke, supra*; *McBride v. Harn*, 48 Iowa, 151; *Ross v. Loomis*, 64 Iowa, 432. As we have said, there is, perhaps, evidence enough, aside from the decree, to establish the death of Noah Huett; but we are unable to find any which shows whether he died testate or intestate, or which tends to prove who his heirs were. It is therefore extremely doubtful whether the plaintiff, Koch, has proven the title under which he claims with the certainty required.

III. There is, however, another feature of the case which we conclude is absolutely fatal to the success of Koch; and, in our discussion of this question, we shall assume that there was in reality a *bona fide* conveyance from John Shefler to his wife, Phœbe, on September 15, 1882. Whichever version of the transaction—that given by the wife, or that given by the husband—may be correct, it is absolutely beyond question that the seal of the notary who took the acknowledgment was not impressed on the deed; and further than this, the plaintiff has just as signally failed to show that this deed, when filed, was indexed in any manner. The authentication of the notary's seal is just as essential to a perfect acknowledgment as is his signature; and, when the deed lacks this, it cannot properly be recorded. *Pitts v. Seavey*, 88 Iowa, 336; *Kreuger v. Walker*, 80 Iowa, 733;

3. NOTARY seal: failure to affix.

*Hiles v. Atlee,* (Wis.) 62 N. W. Rep. 940; *Greenwood v. Jenswold,* 69 Iowa, 53.

IV.  The purchaser i  not bound to look beyond the proper index for information as to conveyances, and, if the index shows none, there is no constructive notice of any. *Noyes v. Horr,* 13 Iowa, 570; *Howe v. Thayer,* 49 Iowa, 154. The defendant's assignor, Versteeg, was a purchaser at a judicial sale; and, if he purchased without actual or constructive notice of the conveyance of John Shefler to his wife, he was entitled to protection against claims derived through or based upon such conveyance, and the defendant succeeds to his right in this respect.  *Evans v. McGlasson,* 18 Iowa, 152; *Gower v. Doheney,* 33 Iowa, 33; *Greenwood v. Jenswold, supra*; *May v. Sturdivant,* 75 Iowa, 116; Freeman, Executions (3d Ed.) section 336.   That the record of the deed in question did not impart constructive notice to any one is clear, and there is an entire absence of evidence tending even to show that the defendant had actual notice thereof.   This holding is not in conflict with the line of cases in this state and elsewhere which define the rights between an unrecorded conveyance and a judgment lien. See *Hoy v. Allen,* 27 Iowa, 208; *Norton v. Williams,* 9 Iowa, 528; *Chapman v. Coats,* 26 Iowa, 288; *Atkinson v. Hancock,* 67 Iowa, 452; *Matless v. Sundin,* 94 Iowa, 111. In fact, the rule applied here is distinctly recognized in many of them.

4.  DEED: indexing: constructive notice.

It is contended, however, that because of the conveyance of the Sheflers to Huett, and the possession of the plaintiff under his conveyance, the defendant had full notice of his claim.   But this cannot be so, because there was nothing in this conveyance to indicate that it was antagonistic to the lien of the Nichols, Sheppard & Co., judgment, or that indicated any legal or equitable right in Phœbe Shefler or in the plaintiff, other than what he would have under a conveyance from John Shefler alone;

and this is the situation, also, regarding the possession. Up to the time of their conveyance to Huett, the Sheflers were in possession as a family, with the record title standing in the husband; and, the conveyance being from them jointly, the possession of the plaintiff did not indicate hostility to the record title. · *Rogers v. Hussey*, 36 Iowa, 664.

V.   It is further contended that the defect in the acknowledgment of the deed in question was cured by chapter 42 of the Acts of the 24th General Assembly, which was a

5. DEFECTIVE acknowledgment: curative act.

curative act, taking effect March 24, 1892. But the act itself expressly provides that it shall not apply to vested rights, and the rights of the defendant herein became vested when he paid his money for the sheriff's certificate of sale, January 15, 1892, which was before the act became effective. Freeman, Executions, *supra*.

VI.   There is nothing in the record tending to show that either Versteeg or the plaintiff were not purchasers in

6. CONSIDERATION: judicial sale: good faith.

good faith.   Inadequacy of consideration, alone, is not sufficient to maintain the claim, and, when the purchase is made at a judicial sale, has no force at all.

The facts in this case do not warrant the claim that the forty in controversy was the homestead of the Sheflers. They owned one hundred and twenty acres, in a connected body, and lived on the middle forty thereof.   No homestead had ever been selected or platted by them or for them, and, whatever merit this claim might have as to the forty on which they lived, it has none here.

A motion to strike the amended abstract filed by the appellee was submitted with the case, as was also a motion . to strike the appellee's argument.   The conclusion reached by us on the merits makes a ruling on the motions unnecessary.

. The judgment is REVERSED.