### BURRISS v. OWEN.

NOTICE BY INDEXING CHATTEL MORTGAGE—PAYMENTS—PURCHASER FOR VALUE.—Where a mortgagee files for record a chattel mortgage securing eight notes of $26.25 each, and the registrar indexes it for $26.25 instead of recording it, a purchaser of the chattels, with no notice of mortgage except by the record, takes them free from the lien of the mortgage except for $26.25; but a judgment for possession of the chattels will be sustained where purchaser failed to tender to mortgagee the amount of mortgage debt as indexed; but purchaser may redeem after verdict by paying amount for which mortgage was indexed and interest. Purchaser relying on representation of mortgagor that mortgage debt had been paid has no equity to require mortgagee to apply payments made by mortgagor to secured part of the debt.

Before ALDRICH, J., Greenville, April, 1906. Modified.

Action by R. A. Burriss against W. F. C. Owen. From judgment for plaintiff, defendant appeals.

*Mr. H. K. Townes,* for appellant, cites: *As to construction of recording acts:* 43 S. C., 72.

*Messrs. J. A. McCullough* and *W. H. Earle,* contra.

April 3, 1907. The opinion of the Court was delivered by

MR. JUSTICE WOODS. This action was brought by the plaintiff, as mortgagee after condition broken, to recover the possession of personal property thus described in the mortgage: "One bowling alley outfit, consisting of two alley beds, twenty pins, twelve balls, and one ball return." The defendant claimed to be a purchaser for valuable consideration without notice. The Circuit Judge directed a verdict for the plaintiff, and the defendant appeals.

There is no dispute as to the material facts. On July the 15th, 1904, E. O. Erwin and J. W. Ballard executed to one

C. L. Burriss a chattel mortgage of the property in dispute to secure the payment of eight notes of that date for twenty-six dollars and twenty-five cents each, payable on the 1st of September, 1904, 15th of October, 1904, 1st of December, 1904, 15th of January, 1905, 1st of March, 1905, 15th of May, 1905, 1st of July, 1905, September 15th, 1905, with interest on each note from maturity at the rate of eight per cent. per annum.

Two payments of twenty-six dollars and twenty-five cents each were made September 20th, 1904, and October 28th, 1904. On January the 23d, 1905, C. L. Burriss assigned the notes and mortgage to the plaintiff. The notes were correctly set forth in the mortgage, but when the mortgage was filed for record the register of mesne conveyances, instead of recording it as required by law, indexed it as a mortgage for twenty-six dollars and twenty-five cents only. The defendant, in 1904, purchased with only such notice as the index afforded. The Circuit Court held the mistake in recording, which had misled the purchaser, could afford him no protection against the mortgagee, because the mortgagee was not responsible for the mistake. There is difference of opinion on the point in other jurisdictions, but in this State the doctrine is firmly established, that the purchaser of mortgaged property, in the absence of express notice, may safely rely on the record as to the amount of the mortgage debt. *Sternberger* v. *McSween*, 14 S. C., 37; *Building & Loan Association* v. *McCartha*, 43 S. C., 72, 20 S. E., 807. The verdict, therefore, cannot be sustained on this ground.

But the plaintiff's motion for the direction of a verdict was rested on the further ground, that even if it should be held the mortgagee was bound by the record as against the subsequent purchaser, yet he was entitled to recover possession of the property as the purchaser had not paid nor tendered even the mortgage debt appearing on the record. On this point the verdict must be sustained. The mortgagor, it is true, had paid on the mortgage fifty-two dollars and fifty cents, which was more than the entire debt as it ap-

peared on the record, but as to the mortgagor the whole debt of two hundred and ten dollars was open.   It is true, also, that the mortgagor represented to the defendant he had paid the entire debt, but this was a false representation upon which the defendant relied at his peril.   Had the mortgagor produced to the defendant before the purchase a receipt for twenty-six dollars and twenty-five cents given by the mortgagee, referring on its face to the mortgage debt, or one of the notes for twenty-six dollars and twenty-five cents, so ear-marked as to connect it with the mortgage, the defendant would have had strong ground to say the mortgagee, by surrendering the note or giving a receipt in the face of the record, had himself misled him into supposing the only debt of which he had notice was paid, and should bear the consequences.   But this was not the case.   The defendant had notice of a mortgage debt of twenty-six dollars and twenty-five cents, and he has no equity growing out of reliance on the false representations of the mortgagor, or any other ground, to require the mortgagee to apply the payments to the secured portion of the debt.   On the contrary, the mortgagee has a strong equity to ask that the payments be referred to the portion of the debt for which, through no fault of his, he lost his security.

The conclusion that on this ground the plaintiff was entitled to the verdict for possession does not affect the right of the defendant to redeem the property by paying the sum of twenty-six dollars and twenty-five cents and interest, the amount of the mortgage debt of which he had notice at the time he purchased.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.