8003

BAMBERG v. HARRISON.

MORTGAGES—RECORDING—NOTICE.—The purchaser of a mortgaged chattel, in the absence of express notice, may rely solely on the record. Filing a mortgage for record will not operate as constructive notice to a subsequent creditor or purchaser.

Before W. B. GRUBER, Special Judge, Barnwell, Spring term, 1910. Affirmed.

Action by Frank Bamberg against C. Harrison and J. L. Ellis. Plaintiff appeals.

*Mr. H. M. Graham,* for appellant, cites: 24 Ency. 97; Code 1902, 950; 14 S. C. 35.

*Mr. R. A. Ellis,* contra, cites: 23 S. C. 285; 10 Me. 256; 14 S. C. 35.

September 6, 1911.   The opinion of the Court was delivered by

MR. JUSTICE WOODS.   On February 10, 1909, the plaintiff G. Frank Bamberg sold a horse to the defendant C. Harrison, taking as security for the purchase money a mortgage on the horse.   On March 10, 1909, the mortgage was mailed to W. B. Causey, clerk and *ex officio* register for Hampton county, to be recorded.   Causey died on April 12, 1909, and J. L. Thames, probate judge, under the requirements of the statute took charge of the clerk's office the next day.   The mortgage had not then been recorded and was not among the papers on file for record, but was handed to Thames by a brother of the deceased clerk and recorded on April 25, 1909.   The deputy clerk indorsed on the paper, "Recorded the 16th March, 1909," for the reason that the deceased Causey had marked on the paper "3-16," thereby indicating that the paper had reached him for filing on March 16.   In the meantime, before the recording of the paper the defendant, J. L. Ellis, on February 22, 1909, took a bill of sale or mortgage on the same horse, and on March 16 purchased him for valuable consideration.

In this action of claim and delivery, Ellis claims the horse as a purchaser for valuable consideration without notice. The question whether he had actual notice of the Bamberg mortgage was submitted to the jury and decided in his favor.

The Circuit Judge charged the jury in effect that a mortgagee is not protected against a subsequent purchaser or creditor for value without actual notice of the mortgage by the mere fact that the mortgagee had lodged his paper for record within the time allowed by law for the recording of papers; that on the contrary the subsequent purchaser or creditor without notice is protected if the mortgage has not been actually recorded.   The question made by the appeal

then is whether under a statute which requires a mortgage to be *recorded* before it can operate as constructive notice, a mere delivery of the mortgage to the recording officer can operate as constructive notice to subsequent creditors and purchasers. The courts of highest resort are in direct conflict on the question, as will be seen by reference to the cases collated in notes in 96 Am. St. Rep. 398, and 4 A. & E. Annotated Cases, 561. But in this State the rule is firmly established that the purchaser of mortgaged property in the absence of express notice may safely rely on the record and is not bound by the neglect or errors of the recording officer. *Building & L. Asso.* v. *McCartha*, 43 S. C. 72, 20 S. E. 807; *Burriss* v. *Owen*, 76 S. C. 481, 57 S. E. 542. A cogent reason for preferring this rule is that one who files a paper for record always has it in his power to examine the records and satisfy himself that his paper has been duly and accurately recorded, while it is impossible for a prospective purchaser or creditor to anticipate and inquire about and ascertain the innumerable forms which the negligence or mistakes of the officer may assume.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.