### 9883

### O'NEILL v. COOPER RIVER CORP. *ET AL.*

#### (95 S. E. 124.)

1. MORTGAGES—MORTGAGEES AS BONA FIDE PURCHASERS—DEFECTIVE RECORDING OF INSTRUMENT.—Where a timber deed provided for an extension of the time for removing the timber for ten years by paying interest annually in advance, but it was incorrectly recorded so as to indicate that such right of extension was for only three years, the rights of one taking a mortgage on the land for a valuable consideration without notice must be determined as if the number of years mentioned in the original deed had been three instead of ten, since the person filing a paper for record has it in his power to see that it is duly and accurately recorded, and purchasers or mortgagees may safely rely on the record, and are not bound by the neglect or errors of the recording officer.

2. LOGS AND LOGGING—SALES OF STANDING TIMBER—BONA FIDE PURCHASERS.—Subsequent purchasers of the timber from the grantee who failed to examine the record were charged with constructive notice that they would not be able to claim an extension of the contract beyond the three years mentioned in the contract.

3. LOGS AND LOGGING—SALES OF STANDING TIMBER—EXTENSION OF TIME FOR REMOVAL.—Where the consideration for the extension of the time for removal for the fourth year was paid to the mortgagor's administrator by means of a check which he indorsed to the mortgagee, the mortgagee's retention thereof gave those claim-

ing under the timber deed no right to an extension beyond the three years, where it was never the mortgagee's intention to extend the contract, even conceding that they had a right to recover the money paid, as the mortgagee was not bound to return the money to the mortgagor's estate, which was indebted to him.

Before MEMMINGER, J., Berkeley, Summer term, 1917. Affirmed.

Action by F. Q. O'Neill against the Cooper River Corporation, the Midland Timber Company and others. From a judgment for plaintiff, the defendants named appeal.

The exceptions were as follows:

1. That the Court erred in not holding that the respondent, F. Q. O'Neill, was bound by the provisions of the original timber deed from Lucas to Farr.

2. That the Court erred in not holding that the respondent, F. Q. O'Neill, by accepting and retaining the extension money paid by the appellant, Midland Timber Company, and the appellant, Cooper River Corporation, for the years commencing February 27, 1915, and February 27, 1916, estopped himself from claiming that the right to cut the timber given by the deed expired at the end of three years under the terms of the deed as recorded.

3. That the Court erred in not finding that the respondent, O'Neill, in accepting and retaining the extension money, paid on the 5th day of February, 1916, and received by the respondent, O'Neill, on or before the 7th day of February, 1916, and not informing the appellants as to his position and claim in the premises, and thus allowing the appellants to remain in ignorance of his claim, while the remaining time which they had under the timber deed as recorded, passed by, estopped himself from claiming that the deed expired in accordance with its terms as recorded, in that, by reason of the said conduct of the respondent, O'Neill, appellants failed to utilize the remaining time which they had under the terms of the said deed as recorded, and in

that the respondent, O'Neil, accepted and retained the consideration for the extension of the time for the year ending February 27, 1917.

4. That the Court erred in not finding, as matter of fact, that had respondent, O'Neill, informed the appellant, Cooper River Corporation, at the time he received the renewal money for the year commencing February 27, 1916, that he would not accept such renewal money, and that the rights under the timber deed expired, so far as he was concerned, at the end of the third additional year, the said appellants could have cut and removed before such expiration a great part, if not all, of the timber on the said tract, in that the undisputed testimony shows that a great part, if not all, of the said timber could have been so cut and removed.

5. That the Court erred in holding that, although appellants, by reason of the conduct of the respondent, O'Neill, lost the opportunity to utilize the last twenty-one (21) days of the period of three (3) years shown by the deed as recorded, yet the respondent, O'Neill, should not be estopped, in that the appellants were thereby misled into failing to exercise a substantial right, to wit, the cutting and removing of the timber within the remaining period of time; and the Court further erred in holding that the appellants would probably not have cut or removed any of the timber, there being no testimony whatever to base this finding upon, but, on the contrary, the undisputed testimony shows that at least a great part of the timber would have been cut and removed within the remaining period of time.

*Mr. L. D. Lide,* for Midland Timber Company, appellant, cites: *As to notice furnished by record of deed:* 89 S. C. 454. *As to estoppel:* 56 S. C. 508; 13 S. C. 355; 97 S. C. 129; 16 Cyc. 787.

*Mr. Augustine T. Smythe,* on the same side, cites: *As to construction of deed:* 92 S. E. 271; 81 S. E. 1027; 81 S. E. 484. *As to tender:* 92 S. E. 271; sec. 445 Code of Civil

Procedure. *As to payments to administrator:* 46 S. C. L. 314; 80 S. C. 106; 90 S. C. 176; 11 S. C. 427; 67 N. Y. 561; 56 S. W. 993; 89 S. W. 496; 63 S. W. 80; 93 S. W. 638; 52 Md. 229; 110 Mass. 232; 55 Mo. Appeals 286; 8 N. C. 509; 14 R. I. 265; 63 Tenn. 488; 11 A. & E. Ency. 843.

*Messrs. Ficken & Erckman,* for plaintiff-respondent, and *James B. Heyward,* guardian *ad litem* of minors, cite: *As to notice furnished by record of deed:* 89 S. C. 456; 43 S. C. 72; 20 S. E. 807; 76 S. C. 481; 57 S. E. 542; Cyc., vol. XXXIX, p. 1720; 12 L. R. A. 384; 22 S. C. 41; 14 S. C. 35; 43 S. C. 72; 21 S. C. 268. *As to construction of deed:* 97 S. C. 247; 98 S. C. 21; 107 S. C. 147. *As to administrator receiving payments:* 98 S. C. 24; 33 S. C. 255; 1 Speer 37; 11 Rich. Eq. 31; 1 Wms. Ex. 583 (2 Am. Ed.); 2 Warb. Real Prop. 254. *As to estoppel:* 42 S. C. 351; A. & E. Ency. of Law, vol. XI, p. 439; 13 S. C. 370; 104 S. C. 163; 97 S. C. 129; A. & E. Ency of Law, vol. XI, p. 435; 77 S. C. 425; A. & E. Ency. of Law, vol. XI, p. 436; 107 S. C. 39.

January 26, 1918.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action for the foreclosure of two mortgages. The facts are thus stated in the record:

"On the 27th day of February, 1903, George Buist Lucas made a deed to Freeman S. Farr, whereby for $800 he conveyed certain timber, which is the subject of this suit, on a tract of land known as 'Benevento' plantation; the deed providing that the said Farr, or his assigns, should have the period of ten years, beginning from the date of the deed, in which to cut and remove the said timber, and in the event it was not cut and removed before the expiration of said period, then that he or they should have 'not exceeding ten years additional time therefor, but in the last mentioned

event the said second party, his heirs, executors, administrators or assigns, shall, during the extended period, pay interest on the original purchase price above mentioned, year by year in advance, at the rate of 6 per cent. per annum.' This deed was recorded on the 16th day of March, 1903, in the clerk's office for Berkeley county, but the clerk, in copying the deed, copied it so as to read on the record, 'not exceeding three years' for the extension period, instead of, 'not exceeding ten years,' as provided in the original deed.

"Freeman S. Farr subsequently conveyed his rights in this timber deed to Atlantic Coast Lumber Corporation, which, in turn, conveyed to the appellant, Midland Timber Company, and it, in turn, conveyed same by deed of general warranty to the appellant, Cooper River Corporation, which at the commencement of this litigation claimed to be the owner of the timber and rights under said deed to Farr.

"Subsequent to the execution of the timber deed to Farr, Lucas made a mortgage of the 'Benevento' tract, without any reservation as to timber, to A. B. Murray, dated January 18, 1906, which mortgage Murray subsequently assigned on February 14, 1916, to the respondent, F. Q O'Neill. Subsequent to the execution of the Murray mortgage, Lucas, on the 1st day of April, 1912, made a mortgage to the said F. Q. O'Neill of said property without any reservations which was duly recorded, so that O'Neill became the owner of the Murray mortgage as a first mortgage and the mortgage executed directly to him as a second mortgage of the premises affected by the timber lease.

"Lucas died on the 24th of December, 1914, and, default having occurred on both mortgages, this proceeding was brought to foreclose them, the heirs (three of whom are minors) and administrator of Lucas being made parties defendant, and Cooper River Corporation being joined as claiming an interest in the timber.

"The answers of Cooper River Corporation and Midland Timber Company set up that the original deed from Lucas

to Farr called for an extension period of ten years after the original period, and that, therefore, the two mortgages were executed during the extension period and subject to the deed. Further, that Midland Timber Company paid the extension money as provided for in the deed for the years 1913, 1914 and 1915, and that Cooper River Corporation paid the extension money for the year 1916, and that these moneys were paid to the respondent, O'Neill, who received and accepted the same; and that the timber deed is still of force and effect and binding upon the said O'Neill. The answer of the minors, by their guardian *ad litem*, submits their rights to the protection of the Court.

"Subsequent to the commencement of the litigation, by stipulation of all the parties, made just after the commencement of the suit, the timber on the property in question was cut and a fund of $4,500, equal to the agreed value thereof, is held by Cooper River Corporation, pending the outcome of the suit. Subsequently, by an order of Court, the land, after the removal of the timber, was duly sold at public auction for $1,110 for the benefit of the cause. The timber was cut during the year 1916 and after commencement of suit.

"Judge Memminger made a decree in which he decided that the respondent, O'Neill, was not bound by the terms of the timber deed, other than as they appeared on the record in the clerk's office in Berkeley county, and that the three-year extension period called for on the record having expired without the timber having been cut, his mortgages then became first liens on the property, and the rights under the timber deed became subservient to the rights granted by the mortgages."

The defendants, Cooper River Corporation and Midland Timber Company, appealed upon exceptions, which will be reported.

The following words in the said statement of facts, to wit, "that Midland Timber Company paid the extension

money as provided for in the deed for the years 1913, 1914 and 1915, and that Cooper River Corporation paid the extension money for the year 1916, and that these moneys were paid to the respondent, O'Neill, who received and accepted the same," need explanation. The extension money for the years commencing the 27th of February, 1913, and 1914, was paid to Lucas, who died in December, 1914. In February, 1915, the extension money was paid by the Midland Timber Company to P. R. Rivers, the administrator of Lucas' estate, and he in turn paid it to the plaintiff. After the third payment of the extension money, the Midland Timber Company made a conveyance of the timber to the Cooper River Corporation, and the latter made a payment to Rivers, taking from him a receipt, a copy of which is as follows:

"$51.00. Charleston, S. C., Feb. 5, 1916. Received of Cooper River Corporation fifty-one ($51.00) dollars, in full payment for extension, during the year ending February 27, 1917, of the agreement made by me with Freeman S. Farr, of the city and county of Georgetown, on the 27th day of February, 1903, and recorded in the clerk's office for Berkeley county, in Book C-5, page 89; same being paid in accordance with the terms of said contract. P. R. Rivers, Administrator Est. G. B. Lucas."

The payment was made by a check, dated the 5th of February, 1916, payable to the order of P. R. Rivers, executor, for $51, drawn by E. P. Burton Lumber Company. The check was indorsed by Rivers to F. Q. O'Neill "for % Est. G. B. Lucas," and was paid by the bank on the 7th of February, 1916. Neither of the payments received by the plaintiff was returned, and they are still retained by him.

The appellants introduced testimony for the purpose of showing that they could have cut the whole or a large part of the timber within the twenty-one days between the acceptance of the money by the plaintiff for the fourth extension on the 5th of February, 1916, and the expiration of the

third year on the 27th of February, 1916; that the plaintiff failed to notify them of his objection to an extension of the contract, after the expiration of the three years, and thereby misled them; and that he is thereby estopped from asserting his rights under the mortgages as against their rights under the deed.

The testimony establishes the fact that the plaintiff is a mortgage creditor for valuable consideration without notice. His rights, therefore, must be determined just as if the number of years mentioned in the original deed had been three instead of ten. *Bamberg v. Harrison*, 89 S. C. 456, 71 S. E. 1086, Ann. Cas. 1913b, 68. In that case the rule is thus stated:

"In this State the rule is firmly established that the purchaser of mortgaged property, in the absence of express notice, may safely rely on the record and is not bound by the neglect or errors of the recording officer. *Building & L. Ass'n v. McCartha*, 43 S. C. 72, 20 S. E. 807; *Burriss v. Owen*, 76 S. C. 481, 57 S. E. 542. A cogent reason for preferring this rule is that one who files a paper for record always has it in his power to examine the records, and satisfy himself that his paper has been duly and accurately recorded, while it is impossible for a prospective purchaser or creditor to anticipate and inquire about and ascertain the innumerable forms which the negligence or mistakes of the officer may assume."

It will thus be seen that the rule is based upon the theory that the party filing a paper to be recorded has not discharged his entire duty, but that it is also incumbent upon him to see that it is properly recorded in so far as the rights of third parties, who may be misled by a defective record are concerned.

When the appellants accepted conveyances of the timber in question, they had constructive notice that they would not be able to claim an extension of the contract beyond the

three years mentioned in the record, in so far as the rights of the plaintiff might thereby be affected.

The plaintiff searched the record; the appellants did not. The plaintiff did not have any dealings with the appellants; did not grant them an extension for the fourth year; nor did he authorize Rivers, the administrator of Lucas' estate, to grant such extension; on the contrary, the testimony shows that he was not in favor of an extension after the expiration of the three years. The testimony establishes the fact that the failure of the appellants to cut the timber or any part thereof was not induced by the action of the plaintiff in any respect whatever, but by the failure to search the records before they bought the timber.

The appellants contend that the retention of the money received by the plaintiff from Rivers, for the extension of the contract during the fourth year, estopped the plaintiff from asserting his right of priority over the rights of the appellants.

The money was not paid to the plaintiff by the appellants. Rivers did not have authority to extend the contract after the expiration of the three years. The estate of Lucas was indebted to the plaintiff by reason of the mortgages, and he was not bound to return the money to the estate of Lucas. But even if it should be conceded, that the appellants had the right to recover the money from the plaintiff, this would not give them the further right to an extension of the contract. It was never the intention of the plaintiff to extend the contract beyond the three years, and he did no act that can be construed as a waiver of his rights.

These conclusions practically dispose of all questions in the case.

Affirmed.