**In re LABB.**

**No. 30150.**

District Court, W. D. New York.

Nov. 10, 1941.

Ralph Saft, of Buffalo, N. Y., for trustee.

Elton M. Dale, of Buffalo, N. Y., for vendor.

KNIGHT, District Judge.

This is a review of the decision of a Referee in Bankruptcy. On August 22, 1939, Henel Bros. Kenmore Dairy, Inc., sold to Daniel Labb certain store fixtures for $1,656 upon a conditional contract of sale purporting to reserve title in the seller until the purchase price had been paid. Such conditional contract of sale was filed on November 8, 1939. The clerk, in indexing such conditional contract of sale, indexed the name of Henel Bros. Kenmore Dairy, Inc., the vendor, in the book provided for the indexing of the names of purchaser, and the name of the bankrupt, the vendee, in the book provided for the

indexing of the names of the sellers. Daniel Labb was adjudicated a bankrupt on December 13, 1939.

On January 4, 1940, an order was made directing the sale of the aforesaid merchandise free and clear of liens. It was sold by the Trustee in bankruptcy on January 8, 1940, for the sum of $1,150. The Henel Bros. Kenmore Dairy, Inc., brought a proceeding before the Referee to reclaim the property in question or in the alternative to obtain the proceeds from the sale thereof. The petition therefor was denied and such denial presents the question for review now. It is believed that the Referee erred in his decision.

There is no question that the trustee herein had "all the rights, remedies, and powers of a creditor then holding a lien * * * by legal or equitable proceedings." Bankruptcy Act, Section 70, sub. c, 11 U.S.C.A. § 110, sub. c. The question presented is whether indexing of the conditional sales contract is an essential part of the record. The construction of Section 65 and Section 70 of Article 4 of the Personal Property Law of the State of New York, Consol.Laws, c. 41, is involved. Section 65 declares conditional sales void as to certain persons, unless the contract therefor "shall be filed as hereinafter provided * * *", and Section 70, entitled "Filing, entering and indexing", provides for the method of filing and also contains directions as to entering and indexing the contract. So far as material here, Section 65, supra, is identical with the Uniform Conditional Sales Act, section 5, and Section 70, so far as material here, is in effect the same as Chapter 642 of the Laws of 1922, except that the latter was entitled "filing" only and the former is entitled "Filing, entering and indexing."

It is the claim of the trustee that the change in title clearly indicates the intent of the legislature to make the indexing of the contract a part of the record. There seems to be little question that, excluding any requirement for entering and indexing, the seller met its full responsibility by filing the instrument, and that the burden of responsibility for mistakes is not upon the seller. "It is not incumbent upon one presenting to the recording officer for record an instrument which the statute provides to be recorded to see that such officer does his duty. The one presenting it has done all that is required of him when he delivers an instrument which contains the essentials of a valid contract. Thereafter, the burden of responsibility for mistakes is upon the officer." Jones on Chattel Mortgages and Conditional Sales, Volume 3, Section 1066. Vide, also: Eager on Chattel Mortgages and Conditional Sales, Section 562, page 733; Esterich on Installment Sales, Section 164, page 329; Dodds v. O'Brien, Sup., 166 N.Y.S. 1065; Schmidtman v. Atlantic Phosphate & Oil Corp., 2 Cir., 230 F. 769; In re Avlon Syrup Corp., D. C., 25 F.2d 342; Baker v. Hull, 250 N.Y. 484, 166 N.E. 175. A contract is filed "when it is delivered to the proper officer, and by him received, to be kept on file." Presidents and Directors of Manhattan Co. v. Laimbeer, 108 N.Y. 578, 15 N.E. 712, 713; In re Yakel, 118 Misc. 641, 195 N.Y.S. 355.

In the case of Mutual Life Ins. Co. of New York v. Dake, 87 N.Y. 257, the court considered the effect of the failure of the County Clerk to index a mortgage in the proper book. The court there held that indexing was not required and said: "It may be that the index, both for convenience and safety, should be made a part of the record; but until it is so made by the legislature, we can but pronounce the law as it is." After this decision Section 316 of the Real Property Law of the State of New York, Consol.Laws, c. 50, was amended by adding the clause: "such indexes shall form a part of the record of each instrument hereafter recorded." The present Section 65 was added by the Act of 1922 and included the clause: "that the contract or copy thereof shall be filed as hereinafter provided", but it is to be noted that this amendment makes no reference to entering or indexing and that the amendment changing the title to Section 70 was not enacted until 1930. Sections 65-a, 66, 67, and 68 each has some reference to the place of the filing of conditional sales contract and come within the contemplation of the clause in Section 65 "shall be filed as hereinafter provided." It is significant that Section 230 of the Lien Law of the State of New York, Consol.Laws, c. 33, provides that chattel mortgages shall be void as against creditors unless the "mortgage or a true copy thereof is filed as directed in this article" and that Section 233 of the same Act, entitled "Filing and entry", contains, in effect, the same language as Section 70, supra. In construing these provisions of the Lien Law, the

court in Dodds v. O'Brien, supra, held the mortgagee "had certainly done all the law required of him when he took his mortgage to the town clerk's office, and left it * * * for filing, and paid the fees." In that case the Clerk failed to properly index the chattel mortgage. See also Pacific Finance Corp. v. Traffic Tire & Rubber Co., 171 Misc. 1034, 14 N.Y.S. 2d 613. The filing required by Section 65, supra, thereinafter provided does not contemplate any "entering" or "indexing."

■ Article 4, supra, is entitled Uniform Conditional Sales Law. New York State has adopted the Uniform Conditional Sales Act together with numerous other states. Under the provisions of Section 5 of the Uniform Conditional Sales Act, which as stated is the same as Section 65 of the said Personal Property Law, these courts have held that any irregularities in the indexing do not affect the rights of the parties. In Jaeger, D.C., 284 F. 130; Id., 7 Cir., 284 F. 136; Pavlick v. Reginald Oliver Co., Inc., 106 N. J.L. 292, 148 A. 624; Teweles v. Clearance Holding Corp., 108 N.J.L. 167, 156 A. 447. Section 89 of the Statutes and Statutory Construction Law, State of New York, reads: "An intention of making an innovation in a long established rule of law is not imputed to the legislature in the absence of a clear manifestation of such intention." Section 70 is to be construed strictly, since it is claimed that it makes a radical change in a long established statute. There is no clear manifestation of such intention here. Vide also: Section 91 of the Statutes and Statutory Construction, supra. See also Seligman v. Friedlander, 199 N.Y. 373, 376, 92 N.E. 1047.

The respondent herein cites numerous cases in support of the proposition that the record is not complete as to notice if the index is not properly made. Undoubtedly such is the law where the statute makes the indexing part of the record. It is seen upon examination of the authorities cited by the respondent that they are mainly decisions in courts in states in which the Uniform Sales Act has not been adopted and where there is the clearly expressed intention that the indexing is part of the record. See Aetna Life Ins. Co. v. Hesser, 77 Iowa 381, 42 N.W. 325, 4 L.R.A. 122, 14 Am.St.Rep. 297; Koch v. West, 118 Iowa 468, 92 N.W. 663, 96 Am.St.Rep. 394; Hiles v. Atlee, 80 Wis. 219, 49 N.W. 816, 27 Am.St.Rep. 32.

■ The Referee in his opinion points out that there is no case in New York determining the precise question involved here and that the decisions in other states are based upon statutes peculiar to them and none of which are exactly like that of New York State. The Referee quotes from Bamberg v. Harrison, 89 S.C. 454, 71 S.E. 1086, Ann.Cas.1913B, 68. It is to be noted that Section 8875 of the Statutes of S. C. expressly provides that the recordation of any "written instrument shall not be notice as to the purport and effect thereof, unless the filing of the same for record be entered as required hereby in the indexes." This case points the distinction made by the Referee. The Referee also quotes from 5 R.C.L. 412 and 23 R.C.L. 191 in support of his holding that "indexing" is a requirement for the retention of title in the instant case. These sections in effect are authority only for the rule that filing alone is not sufficient where record in an index or record book is actually required. This rule is further stated at page 190 of Vol. 23 R.C.L., where it is said: "Indexing the records is obviously a matter of prime importance, but it is not necessary to the validity of an instrument, and the omission of the recorder to index exactly as provided by statute will not render it invalid." As pointed out heretofore, so far as material here the title only was amended in 1930. The section was not. Upon this fact alone the Referee could not be sustained provided the seller would have retained title under the old law as it is titled it would have. The statute was not changed by changing the title, though the change might be considered in construing the section.

■ Filing is distinct from entry and indexing. As said in The Washington, 2 Cir., 16 F.2d 206, 208: "'entry,' or entering, is ordinarily synonymous with recording. It connotes a duty greater than, or additional to, that preservation which is the essence of filing," and Webster defines index as "that which points out; that which * * * indicates, manifests." The purchaser was obligated only to leave the contract with the proper officer, direct that officer to file and pay the legal filing fee. This vendor did that. Section 70 directs the things to be done by the officer thereafter. It is believed that filing only was necessary in the instant case; that Section 65, supra, controls as to the obligation of a seller, and as pointed out by

the appellant herein the words "filed as hereinafter provided", in Section 65, refer only to the place of filing which is dependent upon, in some instances the nature of the property, in some instances the residence of the purchaser and in still other instances the use to which the property is to be put and that place of filing as specified in section following Section 65 to which reference has been made.

The decision of the Referee is reversed and the proceedings remanded for disposition by the Referee in accord herewith.